Scileppi, J.
This appeal presents us squarely with the question whether one who is in police custody and against whom an information has been filed and an arrest warrant issued may waive his right to counsel with the result that inculpatory state *278 ments thereafter made are admissible. We answer that question in the affirmative.
The defendant was convicted of selling heroin to one George Bermudez, an undercover police officer, in violation of subdivision 1 of section 1751 of the Penal Law. On July 24, 1963, in the Montieello bus terminal, the defendant was approached by Bermudez who .offered to buy some heroin. Bermudez, acting on defendant’s instructions, returned later that day and made the actual purchase. The officer then transmitted the substance to the police chemist who determined that heroin was present. Several weeks later, early in the evening of August 8, 1963, Bermudez, accompanied by another officer, appeared before a Magistrate in Montieello and signed a criminal information charging the defendant with selling narcotics. That same evening, an arrest warrant was issued, Bodie was taken into custody by Bermudez who immediately turned him over to another officer, Donald Scherpf. The defendant and Scherpf drove to the Ferndale police barracks where, after a brief period of interrogation, Bodie signed an incriminating statement. He was arraigned at 1:00 a.m., about four hours after the arrest. Three days later, the indictment on which he was tried was returned by the Grand Jury.
Following a Huntley hearing, the Judge specifically found that the statement was voluntary and. hence admissible on the trial. At the trial[1] Scherpf testified that, before taking the defendant to the Ferndale barracks, he identified himself to the defendant, informed him that he was under arrest, and asked whether he cared for counsel. The defendant reportedly answered “No’ ’. The same question and answer were also repeated at the barracks. At the trial the Judge permitted the introduction of the statement which Bodie made to the police to the effect that he admitted ‘ ‘ selling a bag of heroin to a man named or known as 1 Frankie ’ [Bermudez] ”.
. If this case merely contained an inculpatory statement made in the absence of counsel after an information had been filed, we would be compelled to hold that the statement is inadmissible, *279 because no valid distinction may be made between a post-indictment and a postinformation statement (People v. Santmyer, 20 A D 2d 960; People v. Fleischmann, 43 Misc 2d 200, 202; see, also, People v. Meyer, 11 N Y 2d 162; People v. Waterman, 9 N Y 2d 561). However, since the right to counsel also imports the right to refuse counsel, we hold that a defendant may effectively waive his right to an attorney (cf. People v. Meyer, 11 N Y 2d 162, 165). Up to this point the minority would agree. However, our paths diverge on the pivotal issue, viz,, whether the police should be held, as a matter of laiv, to be incapable of warning a defendant of his rights. Those Judges who would require the police to inform defendant of this right recognize the capability of the police to advise a defendant of his right to an attorney (see, e.g., People v. Gunner, 15 N Y 2d 226, 233; People v. Dorado, 62 Cal. 2d 338, 347-348). An exclusionary rule of the nature advocated by the minority is unwarranted and unrealistic. Nothing has been brought to our attention to warrant such a conclusion; no complex ritual is required to warn a defendant of his rights. In fact, the appellant does not even advance such a point in his brief. Nothing in Escobedo v. Illinois (378 U. S. 478) indicates that the police may not advise a defendant of his right to counsel. In addition, two recent cases from the United States Court of Appeals for the Second Circuit recognize the possibility that the police may inform a defendant of the right to counsel (United States v. Cone, 354 F. 2d 119, and United States v. Robinson, 354 F. 2d 109, both decided en banc, Nov. 22, 1965).
On the issue of waiver, this court may consider the defendant’s previous experience with the law, e.g., his conviction for possession of a hypodermic needle (brought out at the Huntley hearing) as probative of what he understood the question “ do you care for counsel ” to mean. The fact that he said “ No ”, coupled with the prior conviction, indicates that he understood the full import of the officer’s statement, and that he knowingly waived his right to counsel. It is important to note in this case that it does not involve an ignorant defendant who has not had any previous contact with the law.
In sum, having held that the police are not required to advise the defendant of his right to counsel (People v. Gunner, 15 N Y *280 2d 226, supra), we now hold[2] (1) that, if the authorities do advise him of said right, it may be waived (cf. People v. Meyer, 11 N Y 2d 162, 165, supra), and (2) that this defendant did waive that right.
Other allegations of error advanced by the defendant were considered and do not require reversal.
Since we hold that defendant’s constitutional rights were not violated, the evidence is admissible and the conviction is affirmed.

. The Appellate Division (22 A D 2d 978) reversed this defendant’s first conviction for the crime charged here on grounds not relevant to the discussion of alleged errors raised after his conviction at the second trial from which he now appeals.

. For these purposes, we draw no distinction between an arrest with a warrant and one on probable cause (without a warrant).