Bergan, J.
Defendant, was arrested in January, 1963 on a warrant and charged with sodomy, second degree, and of impairing the morals of a child. He was quesioned by the police after his arrest and before arraignment and made a confession. He was convicted in 1963 and sentenced to prison.
In a coram nobis proceeding in 1966 addressed to this judgment, the trial court held that the confession was voluntary *148 and the absence of counsel, and the failure of the police to advise him of his right to counsel, and of his right not to incriminate himself, did not invalidate the confession. This was affirmed at the Appellate Division (28 A D 2d 713).
This court has held the issuance of a warrant is the commencement of a criminal proceeding (People v. Bodie, 16 N Y 2d 275; People v. Malloy, 22 N Y 2d 559) but this stage of the proceeding has not yet been fully equated to that which would exist where, after arraignment and the appearance of counsel in a court, the police attempted to question a defendant not in the presence of that counsel. (See, e.g., People v. Di Biasi, 7 N Y 2d 544, where after indictment defendant had been surrendered by counsel who appeared for him; Spano v. New York, 360 U. S. 315, revg. 4 N Y 2d 256; and People v. Gunner, 15 N Y 2d 226, where the indictment was regarded as part of a formally instituted criminal action.) Nor may an information used to obtain an arrest warrant be regarded as the equivalent of the formal triable document which initiates a misdemeanor prosecution. (See, e.g., People v. Jeffries, 19 N Y 2d 564, 566-567.) To this extent we qualify our holding in People v. Bodie (supra, pp. 278-279).
If the issuance of an ordinary warrant of arrest by a Magistrate on complaint is to be treated for all purposes as such a formal commencement of the criminal action as to preclude any inquiry by police unless there is a lawyer present (as after an arraignment in court), it would draw an unnecessarily complicated difference between an arrest on warrant and an arrest on probable cause without warrant.
There are differences in the preliminaries between an arrest with and an arrest without a warrant, but both are for exactly the same purpose, to see to it that the accused is brought into court; and section 165 of the Code of Criminal Procedure, requiring defendant be brought before a Magistrate “in all cases ” without delay, applies with equal force to both kinds of arrests.
We ought not discourage applications for warrants and encourage arrests without warrants by unnecessarily technical differences between inquiry in the two classes of case. On the whole the supervision by a Magistrate on what is probable cause is a beneficial factor in criminal law administration.
*149 Although this prosecution arising in 1963 is a pre-Miranda ease in which the warnings and offer of counsel are not required retroactively (Johnson v. New Jersey, 384 U. S. 719; People v. McQueen, 18 N Y 2d 337) current arrests and future arrests without a warrant will require police advice against self incrimination and of the right to counsel and assistance in getting counsel. The same advice in warrant arrest cases should provide adequate constitutional protection.
A rigid rule shutting off police inquiry to the accused arrested on warrant until counsel was present would unnecessarily hamper proper investigation and would throw out of true focus the minor differences between the two kinds of arrests. Indeed, the time of “ the first stage of a criminal proceeding” has been regarded traditionally as being the arraignment on the warrant (People v. Meyer, 11 N Y 2d 162, 164).
A footnote in the opinion in People v. Bodie (16 N Y 2d 275, 280, supra) noted the equation between the arrest with and the arrest without a warrant which is here considered. In Bodie, the holding was that the right to counsel had been expressly waived by defendant but, although the District Attorney in this present case argues there was also waiver by silence here, this ought not be inferred from the silence of a man accused of crime who is not called on to say anything and when in turn the police do not say anything about counsel.
The decision in People v. Malloy (22 N Y 2d 559, supra) represents an extreme case of official deprivation of rights of an accused, was decided by a closely divided court, and should rest on its own special circumstances. Its holding should not alone require the reversal of the present judgment.
The order "should be affirmed.