Bergan, J.
After defendant’s indictment in New York County for murder he was arrested by Federal officers on a warrant and made a statement to them concerning the crime. Before the statement was made he was advised of his right to counsel and *25 his right to remain silent and that any statements made could be used against him. He expressly waived those rights in a written document which he signed.
The trial court has found, after a hearing on this question, that “ the People have proven beyond a reasonable doubt that the defendant intelligently understood the warnings and knowingly expressed his waiver of his Constitutional rights ”. The evidence in the record supports such a finding.
Defendant does not dispute either the waiver or the sufficiency of the evidence to find that it was intelligently and understandingly made. His argument is, rather, that because he had been indicted when arrested ‘ ‘ his waiver was not valid ’ ’; and, therefore, his admission to the Federal officer was inadmissible.
It has been held that a statement taken after indictment and before arraignment in the absence of counsel is inadmissible. (People v. Waterman, 9 N Y 2d 561.) Decisions broadly consistent with this are Massiah v. United States (377 U. S. 201); McCleod v. Ohio (381 U. S. 356) which applied Massiah to State prosecutions; People v. Gunner (15 N Y 2d 226); People v. Meyer (11 N Y 2d 162); People v. Di Biasi (7 N Y 2d 544); Spano v. New York (360 U. S. 315).
But these cases upholding the rule that after indictment a defendant may not be questioned without counsel do not decide the question whether the right may be knowingly and intelligently waived. Nor does People v. Miles (23 N Y 2d 527) decide the question, for there defendant had been indicted, arraigned, and had counsel, and the holding was that waiver not in the presence of such counsel would not be recognized.
The principle laid down in People v. Bodie (16 N Y 2d 275) seems controlling here. There the criminal prosecution had been instituted by the filing of an information and the issuance of a warrant. The court’s opinion noted that “no valid distinction can be made between a postindictment and a postinformation statement ” (p. 279).
The holding was that the right to counsel could be, and there was, waived. The waiver there deemed sufficient was oral (p. 278).
Indeed, the commencement of a criminal proceeding by information and by indictment are logically indistinguishable as far as waiver of counsel is concerned. The rational distinction is *26 between this and the situation where, after arraignment, counsel has actually appeared. It has been held that right to counsel may be expressly and knowingly waived at the trial itself. (People v. Higgins, 23 A D 2d 504, affd. 16 N Y 2d 751.)
Defendant was not advised that he had been indicted when the waiver was executed. If this were a willful concealment it might be considered as undermining the validity of a waiver. But there is no suggestion of that here, and although the Federal officer knew at the time of the interview that defendant had been indicted, he did not recall whether or not he had advised defendant of this.
No prejudice is shown. Defendant certainly knew he was being prosecuted for the murder because he was taken into custody. Whether the prosecution had started with an arrest on probable cause, or on an information, or on an indictment, it was certain to go forward and the right to counsel was just as important to a defendant thus arrested whether of not he had been indicted as far as waiver on interrogation was concerned. There has been no finding of misrepresentation as to the origin of the prosecution.
As for the rest, the record fully supports the conviction of murder in the second degree on testimony by a witness who saw defendant deliberately shoot Michael Descartes to death.
The judgment should be affirmed.