Gabrielli, J. (concurring)
I concur in the result reached by the majority. In doing so, however, I am unable to join in overruling People v Lopez (28 NY2d 23). I would adhere to the established view that, until counsel is assigned or retained by a defendant in a criminal action, he is perfectly free, after suitable and proper admonitions, to waive his right to the presence and assistance of counsel and make voluntary statements (People v Bodie, 16 NY2d 275; cf. People v Meyer, 11 NY2d 162, 165). It is always the task of the courts, of course, to assure that such a waiver is knowingly and intelligently made and that statements following a waiver are voluntarily given.
We succinctly stated in People v Bodie (supra, p 279) that *492 "since the right to counsel also imports the right to refuse counsel, we hold that a defendant may effectively waive his right to an attorney.” This holding is qualified, of course, in the situation where counsel has been assigned or retained in which case we have held that a defendant may not be interrogated without the presence or consent of counsel (People v Arthur, 22 NY2d 325; People v Vella, 21 NY2d 249; People v Donovan, 13 NY2d 148). Under the circumstances of the instant case, it is this rule which is applicable as the majority ably demonstrates. To reach the result in the case before us, it is unnecessary to consider People v Lopez (supra). As noted in the majority opinion, defendant Hobson was represented by counsel at the time of the interrogation, while, in Lopez, the defendant decided to forego representation by counsel.
While the rule in the Federal courts may be unsettled, several of them have recognized the admissibility of postindictment statements made after a waiver of right to counsel. Thus, in United States ex rel. O’Connor v State of New Jersey (405 F2d 632, 636) the Third Circuit Court of Appeals, focusing on the quality of the waiver, stated that "only a clear, explicit, and intelligent waiver may legitimate interrogation without counsel following indictment” (see, also, United States v Crisp, 435 F2d 354, 358-359. And, in United States v Garcia (377 F2d 321, 324, cert den 389 US 991), the Second Circuit indicated that "'Massiah [v United States, 377 US 201] does not immunize a defendant from normal investigation techniques after indictment”.
In the landmark decision of Massiah v United States (377 US 201, 206, supra), the United States Supreme Court held that the defendant "was denied the basic protections of that guarantee [Sixth Amendment right to counsel] when there was used against him at his trial evidence of his own incriminating words, which federal agents had deliberately elicited from him after he had been indicted and in the absence of his counsel.” In Massiah, the defendant had retained counsel before the statements were elicited from him and, significantly, the court noted that "it was entirely proper to continue an investigation of the suspected criminal activities of the defendant * * * even though the defendant had already been indicted” (supra, p 207).
I do not view the Federal District Court decision in United States ex,rel. Lopez v Zelker (344 F Supp 1050, affd 465 F2d *493 1405) as requiring a contrary result. The essence of Judge Frankel’s decision in the Lopez habeas corpus proceeding was that defendant’s waiver of the right to counsel was not knowingly and intelligently rendered because he was not aware of the outstanding indictment against him for the crime of murder. The decision, therefore, is predicated upon a view of the facts which is divergent from the facts as developed in the proceedings against Lopez in our State courts. The majority of this court in Lopez observed that "[defendant does not dispute either the waiver or the sufficiency of the evidence to find that it was intelligently and understanding^ made” (supra, p 25). The trial court in Lopez, affirmed by an unanimous Appellate Division, found, following a suppression hearing, that "the People have proven beyond a reasonable doubt that the defendant intelligently understood the warnings and knowingly expressed his waiver of Constitutional rights,” and we held that there was evidence in the record to sustain such a finding (p 25). Thus, three New York courts found that Lopez made voluntary statements following a knowing and intelligent waiver of the right to counsel.
I would only add that adopting the position proposed by the majority would bar the admissibility of any statements which a defendant might wish to tender in response to any police inquiry, no .matter how knowingly and intelligently made, following the commencement of any criminal action by the filing of an accusatory instrument even so minor as a simplified traffic information.*
Judges Jones, Wachtler, Fuchsberg and Cooke concur with Chief Judge Breitel; Judge Jasen concurs in a separate opinion; Judge Gabrielli concurs in result in another separate opinion.
Order reversed, etc.

 CPL 1.20 (subd [1]) defines an accusatory instrument as "an indictment, an information, a simplified traffic information, a prosecutor’s information, a misdemeanor complaint or a felony complaint.”