THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN K. DUGAN, Appellant.

Third Department, August 12, 1976

*Michael F. Bergan* for appellant.

*Sol Greenberg, District Attorney (Lois A. White* of counsel), for respondent.

HERLIHY, J. The defendant was arrested on September 11, 1974 (all dates hereinafter referred to are 1974) on a charge of burglary committed the same day at Greulich's Market in the Town of Guilderland, Albany County. He gave an oral admission shortly after arrest. That statement was to the effect "that his mother needed the money" and/or "that he had stolen the money for his mother's sake". Following that admission the defendant was arraigned by a local court in Guilderland on September 11 for the burglary of Greulich's Market. The following day, September 12, the defendant made further oral admissions and a formal written confession was taken from the defendant.

A suppression hearing was held at which the defendant contended that all of the confessions which had been taken from him while he was in custody were made as the result of physical force and mental duress applied by various police officers. The trial court found that the defendant had voluntarily given the oral and written statements of September 12. The trial court made no finding as to the legal effect that the arraignment of September 11 might have upon the admissibility of the confessions and it appears from the record that the defendant did not directly bring that particular issue to the

attention of the trial court. The defendant, however, on this appeal makes the issue one of utmost importance.

The principal issue upon this appeal is whether or not the postarraignment oral and written admissions of September 12 were admissible in evidence.

At the outset it should be noted that the written admission of September 12 not only admitted that defendant had been in the Greulich premises with his codefendants, but also admitted participation in other burglaries or robberies which were not part of the charges in this trial. The defendant did not actually confer with assigned counsel until about eight or nine days after his initial appearance before a court in Guilderland when his arraignment was finally completed. One of the police officers involved in obtaining the written admission of September 12 testified that he did not know whether the defendant then had an attorney or not.

In *People v Arthur* (22 NY2d 325, 329) it was held that statements taken from a defendant after the appearance of counsel are inadmissible in evidence unless the defendant waives his right to silence and the assistance of counsel in the presence of his counsel. Since the *Arthur* case, its rule apparently has been departed from in the cases of *People v Wooden* (31 NY2d 753), *People v Lopez,* 28 NY2d 23) and *People v Robles* (27 NY2d 155). However, in the recent case of *People v Hobson* (39 NY2d 479) the court reaffirmed the fundamental rule of the *Arthur* case and held that the constitutional protections involved were not solely Federal constitutional rights, but those protections accorded citizens under the New York State Constitution *(People v Hobson, supra,* pp 483, 484). In *People v Hobson (supra* p 483) it was stated that defendants could be questioned as to unrelated criminal activity without the presence of counsel *(People v Hetherington,* 27 NY2d 242); that the *Arthur* rule does not apply to defendants who are not in custody *(People v McKie,* 25 NY2d 19); and, that spontaneously volunteered statements would be admissible *(People v Kaye,* 25 NY2d 139).

The present record does not establish that counsel for the defendant had in fact been contacted by the local court of Guilderland as of September 12 or that he had appeared prior to the admissions *(People v Witenski,* 15 NY2d 392, 397). However, it is established that the defendant was in custody, that his statements on September 12 were not spontaneous, and that at arraignment counsel had been requested.

To question the defendant while the assignment of counsel is in process as the result of a court appearance effectively negates the providing of legal assistance to defendants. The mere requesting of counsel by the defendant is sufficient to render defective any further questioning by police as to the crime with which the defendant is charged. (See *People v Hetherington, supra; People v Paulin,* 25 NY2d 445; cf. *People v Taylor,* 27 NY2d 327.) It has been held that once a defendant has been arraigned and requested an attorney, he cannot thereafter be interrogated in the absence of counsel *(People v Weston,* 41 AD2d 423, mod on other grounds 42 AD2d 919). Further, he may not voluntarily waive his right to counsel after arraignment unless counsel is present *(People v Vella,* 21 NY2d 249).

There can be no doubt that the post-arraignment statements in this case were inadmissible and any alleged failure of the defendant to object on right to counsel grounds is not fatal "since we are concerned with the deprivation of a fundamental constitutional right". *(People v Arthur, supra,* p 329.) The various decisions referred to hereinabove establish that a defendant having been arraigned and having requested counsel cannot thereafter be *interrogated* by the investigative authorities in the absence of counsel. *Miranda v Arizona* (384 US 436) established this safeguard many years ago and while at times there may have been some questioning of its mandate, it is our opinion that its principles remain the controlling law in this State. (See *People v Arthur, supra; People v Hobson, supra.)* To find otherwise in this instance would be to abrogate a sound legal principle.

In this particular case the defendant took the stand and testified, denying any participation in the burglary, and it cannot be said that the written confession, including as it did admission of other crimes, was not a persuasive factor in the jury deliberations. Furthermore, the defendant's contention that his oral admission of September 11 was obtained by physical force and duress was undoubtedly seriously weakened by the written confession given on the following day and which stated therein that it was given "voluntarily". Indeed, one of the participants in this crime *who was caught by the police on the Greulich premises* was nevertheless previously acquitted by a jury according to his testimony in this case. The error requires reversal as a matter of law.

The defendant further alleges that the Trial Judge had agreed in an off-the-record discussion that when the written confession was accepted in evidence, it would not go to the jury because of the unrelated crimes recited therein. Inasmuch as this case must be reversed because the admissions of September 12 were inadmissible as a matter of law, it is unnecessary to give detailed consideration to this particular allegation of error. It is apparent that there might have been some misunderstanding between the defendant's trial counsel and the Trial Judge as to the nature and effect of their off-the-record discussion. All objections and rulings as to the admissibility of evidence in a criminal case should appear in full upon the record at the time evidence is offered. We do not question that the People generally have the right to cross-examine a defendant as to prior offenses for credibility purposes. (See *People v Duffy,* 36 NY2d 258, 262.) However, in this case it would be possible that the off-the-record discussion might have had a bearing upon the decision of the defendant to testify.

Upon retrial the oral and written statements or confessions of the defendant subsequent to his arraignment on September 12, 1974 should not be admitted in evidence or referred to as they clearly violated due process and the Fourteenth Amendment constitutional rights of the defendant. (Cf. *Doyle v Ohio,* 426 U.S. 610; *People v Crimmins,* 36 NY2d 230.)

The judgment should be reversed, on the law; the order denying the motion to suppress should be modified by reversing so much thereof as denied the motion to suppress all post-arraignment statements; the motion insofar as it seeks to suppress said post-arraignment statements should be granted and a new trial ordered, and, as so modified, affirmed.

KOREMAN, P. J., GREENBLOTT, MAHONEY and REYNOLDS, JJ., concur.

Judgment reversed, on the law; order denying motion to suppress modified by reversing so much thereof as denied the motion to suppress all post-arraignment statements; motion insofar as it seeks to suppress said post-arraignment statements granted and a new trial ordered, and, as so modified, affirmed.