Joseph Harris, J.
This case presents the issue as to whether an accused, in custody after the filing of an accusatory instrument against him in a local criminal court, but prior to his arraignment thereon, and prior to the actual *922 entry of counsel in the case, can, in the absence of counsel, waive his right to remain silent and his right to counsel.
Put another way, it is clear from People v Hobson (39 NY2d 479), and People v Cranmer (55 AD2d 786), that in a postindictment, prearraignment setting, an accused in custody, even though he is not at the time represented by counsel, cannot in the absence of counsel waive his right against self incrimination and his right to counsel. Does this same rule apply in the parallel setting of a local criminal court, after the filing of an accusatory instrument therein but prior to arraignment?
In the instant case the defendant had been arrested on a warrant obtained from a local criminal court upon the filing of a felony complaint. While he was in police custody, but prior to arraignment upon the charge for which he had been arrested, and prior to his being represented by counsel on said charge, a police officer sought to interrogate the accused upon the charge for which he had been arrested. The police officer gave thorough and proper Miranda warnings. The accused indicated clearly that he understood his rights and knowingly, intelligently and voluntarily waived these rights, including his right to remain silent and his right to counsel. No counsel was present. The accused gave the; police an incriminating statement.
There is no question but that if the statement had been given prior to the filing of the felony complaint, it would be admissible at trial. Defense counsel now argues that under Hobson (supra), such a statement made in the absence of counsel subsequent to the filing of any accusatory instrument, whether it be an indictment in a superior court or a felony complaint in a local criminal court, even though prior to arraignment, is inadmissible.
There is logic and symmetry in his argument. However, once again a grievous blow is struck against those who esteem logic, symmetry and consistency as the highest pinnacle of the criminal law. This court believes the Court of Appeals intended to restrict Hobson to a postindictment situation and not to extend its rule to the filing of any lesser accusatory instrument. Cranmer (supra) in no way negatives this view.
The rule that an accused in custody, postindictment, even though prearraignment, cannot in the absence of counsel waive his privilege against self incrimination and his right to counsel, and thus cannot be interrogated by the police, arises *923 from the fact that the Court of Appeals in Hobson overruled People v Lopez (28 NY2d 23).
In Lopez, the Court of Appeals had held, citing People v Bodie (16 NY2d 275), that even though as a general rule after an indictment a defendant may not be questioned without counsel (see People v Waterman, 9 NY2d 561; Massiah v United States, 377 US 201; McLeod v Ohio, 381 US 356; People v Gunner, 15 NY2d 226; People v Meyer, 11 NY2d 162; People v Di Biasi, 7 NY2d 544; Spano v New York, 360 US 315), the right may be knowingly and intelligently waived, even in the absence of counsel at the time of waiver (this does not of course apply to postarraignment cases, where questioning in the absence of counsel is impermissible [People v Miles, 23 NY2d 527; People v Dugan, 53 AD2d 507]).
Interestingly, in People v Bodie (16 NY2d 275, supra), the criminal prosecution had been instituted in a local criminal court by the filing of an information and the issuance of a warrant. Bodie was also a pre-Miranda case and the further question arose that, assuming a defendant could effectively waive his right to counsel if properly advised of his rights, were the police "capable” of advising a defendant of his rights so as to enable a waiver?
Said the Court of Appeals in Bodie (supra, p 279): "However, since the right to counsel also imparts the right to refuse counsel, we hold that a defendant may effectively waive his right to an attorney”.
A majority of the court further went on to hold that the police were capable of advising a defendant of his right to counsel (as of course did the United States Supreme Court subsequently in Miranda v Arizona, 384 US 436) and stated (pp 279-280): "In sum, having held that the police are not required to advise the defendant of his right to counsel (People v. Gunner, 15 N Y 2d 226, supra), we now hold (1) that, if the authorities do advise him of said right, it may be waived (cf. People v. Meyer, 11 NY 2d 162, 165, supra), and (2) that this defendant did waive that right.” (In a footnote in connection with this holding, the court stated (p 280): "For these purposes, we draw no distinction between an arrest with a warrant and one on probable cause [without a warrant].”)
Lest Bodie be construed to equate the issuance of a warrant with the commencement of a criminal proceeding and thus accelerate the time when police questioning in the absence of counsel is prohibited, it is well to note the opinion of the *924 Court of Appeals in People v Stockford (24 NY2d 146, 148): "This Court has held the issuance of a warrant is the commencement of a criminal proceeding (People v. Bodie, 16 N Y 2d 275; People v. Malloy, 22 N Y 2d 559) but this stage of the proceeding has not yet been fully equated to that which would exist where, after arraignment and the appearance of counsel in a court, the police attempted to question a defendant not in the presence of that counsel * * * Nor may an information used to obtain an arrest warrant be regarded as the equivalent of the formal triable document which initiates a misdemeanor prosecution. (See, e.g., People v. Jeffries, 19 N Y 2d 564, 566-567.) To this extent we qualify our holding in People v. Bodie (supra, pp. 278-279).”
The Court of Appeals then went on to say that if the issuance of an ordinary warrant of arrest by a Magistrate on complaint were to be treated for all purposes as the formal commencement of the criminal action as to preclude any inquiry by police unless a lawyer were present (as after an arraignment in court), it would draw an unnecessary and complicated distinction between an arrest on warrant and an arrest on probable cause without warrant, and would encourage arrests without warrants at the expense of applications for warrants. (Stockford, supra, pp 148-149).
The practical focus permeating the court’s opinion in Stock-ford was stated in the following words: "A rigid rule shutting off police inquiry to the accused arrested on warrant until counsel was present would unnecessarily hamper proper investigation and would throw out of true focus the minor differences between the two kinds of arrests. Indeed, the time of 'the first stage of a criminal proceeding’ has been regarded traditionally as being the arraignment on the warrant (People v. Meyer, 11 N Y 2d 162, 164).” (Stockford, supra, p 149.)
Thus it is clear that Bodie and Stockford, where the accusatory instrument commencing the criminal action is not an indictment, set the arraignment as the initial point after which police questioning in the absence of counsel is prohibited. The question now posed is whether after Hobson this is still the rule where an indictment is not involved.
In Lopez (28 NY2d 23, 25, supra), the Court of Appeals reasoned that "the commencement of a criminal proceeding by information and by indictment are logically indistinguishable as far as waiver of counsel is concerned”, and that accordingly if in the postinformation, prearraignment, situation of *925 Bodie, counsel can be waived, it could also be waived in the postindictment, prearraignment, situation of Lopez.
In overruling Lopez, the Court of Appeals did not overrule Bodie nor Stockford, and until those cases are overruled, no matter how logically inconsistent with the rule set forth in Hobson with respect to postindictment, prearraignment, situations, it must be assumed that Bodie and Stockford are still the law with respect to waiver of counsel in postinformation, prearraignment, cases.
Until a higher court rules otherwise, it appears that in cases of indictments the point where the privilege against self incrimination and the right to counsel as a protection to the privilege against self incrimination cannot be waived in the absence of counsel begins is the time of the filing of the indictment in the superior court; in cases of accusatory instruments other than indictments, the starting point is the actual arraignment of the accused in the local criminal court (cf. People v Dugan, 53 AD2d 507, supra).
Oliver Wendell Holmes said: "The life of the law has not been logic, but it has been experience.”
Hobson is a statement of policy. It is not an exercise in logic but an exercise in reality. In the real world of criminal investigation, by the time a case is presented to a Grand Jury and an indictment returned, the police have, and ought to have, completed the investigation of the case. Indeed, the District Attorney has reviewed the case and determined if he has sufficient evidence to present the case to the Grand Jury or return the case to the police for further investigation. In a real sense, once an indictment is handed down by a Grand Jury there ought to be no necessity for further police investigation, particularly no need to further question the defendant. In a real sense the handing down of an indictment is the commencement of a formal criminal proceeding in a superior court (see People v Gunner, 15 NY2d 226, supra).
Such is not the case where the accusatory instrument is one filed in a local criminal court as the basis for obtaining a warrant for the arrest of the accused. Often this is where the investigation of necessity begins rather than terminates. Before a Grand Jury the evidence must equal guilt beyond a reasonable doubt. This is not the standard for the filing of an accusatory instrument as a procedural necessity to obtain a warrant of arrest. The standard is probable cause. Further investigation may well be necessary, not only to establish the *926 culpability of the guilty but the nonculpability of the innocent.
There is little difference in fact between an arrest on probable cause without a warrant and an arrest with a warrant based upon probable cause. They are both for exactly the same purpose, to see to it that the accused is brought into court. There is no practical sense to a rule that permits waiver of rights by an accused and questioning by the police where the arrest is upon probable cause without a warrant and to forbid these things where the arrest is with a warrant based upon that same probable cause. There is no fundamental unfairness to a rule that, with respect to waiver of the privilege against self incrimination and the right to counsel, treats both types of arrest the same, and fairly and reasonably balances these important constitutional rights against the important needs of law enforcement and criminal investigation. That balancing point with respect to accusatory instruments other than indictments is and ought to be, not the time such accusatory instrument is filed, but the time of arraignment. Thereafter there ought to be no necessity for the police to question the defendant without the presence of counsel, and even if there be such necessity the rights of the accused at such stage of the proceedings ought to be paramount.
Again, and to accord some solace to the devotees of logic, symmetry and consistency, in the real world of the criminal justice system there is little similarity between the return of an indictment and the filing of an accusatory instrument for the purpose of obtaining a warrant of arrest. The real kinship is between the return of an indictment and the arraignment of an accused in a local criminal court. It is these events in their respective settings that mark the end of the investigatory stage and the commencement of the accusatory stage.
The court finds, beyond a reasonable doubt, that prior to the custodial interrogation, the defendant was fully advised of his constitutional rights pursuant to Miranda v Arizona (supra); that he fully understood these rights; that no coercion was exercised against him to subvert his will; and that he knowingly, intelligently and voluntarily waived his constitutional rights against self incrimination and to counsel. Accordingly, the motion of the defendant to suppress the statement made herein to law enforcement officers is in all respects denied.