■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUMER-SINDO TORRES, Also Known as JOSE TORRES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 26, 1976, convicting him of murder, upon his plea of guilty, and imposing sentence. Judgment affirmed. Although there can be no postindictment or postarraignment waiver of the right to counsel in the absence of counsel (see *People v Townes,* 41 NY2d 97, 102-103; see, also, *People v Hobson,* 39 NY2d 479; *People v Colon,* 62 AD2d 398), no court in this jurisdiction has ever extended this rule to an interrogation after the filing of a felony complaint where counsel has not been retained. There is a significant difference, insofar as the protection of Fifth and Sixth Amendment rights is concerned, between the filing of a felony complaint and an indictment. Notwithstanding the fact that a felony complaint is an "Accusatory instrument" (CPL 1.20, subd 1), the filing of which constitutes the "Commencement of [a] criminal action" (CPL 1.20, subd 17), such a filing simply indicates, as the People claim, that there is probable cause to believe that a suspect has committed a crime. An indictment, on the other hand, "imports that the People have legally sufficient evidence of the defendant's guilt" *(People v Waterman,* 9 NY2d 561, 565). It is possible that an indictment may never be returned despite the fact that a felony complaint has been filed and, unlike interrogation after indictment, the defendant is not "the all but irrevocable target"; nor has "the preparation for his trial * * * begun" (cf. *People v Lopez,* 28 NY2d 23, 29 [dissenting opn]). Since an accusatory instrument, such as a felony complaint, is a prerequisite to the issuance of an arrest warrant, the extension of law proposed by defendant would be tantamount to barring waivers in the absence of counsel whenever an arrest warrant had issued. The result would be to "draw an unnecessarily complicated difference between an arrest on warrant and an arrest on probable cause without warrant" *(People v Stockford,* 24 NY2d 146, 148). As the Court of Appeals stated in *People v Stockford (supra,* p 148): "We ought not discourage applications for warrants and encourage arrests without warrants by unnecessarily technical differences between inquiry in the two classes of case." Finally, the record does not support defendant's claim that his plea was involuntarily entered or was coerced. We note, in this regard, that, at sentencing, defendant twice declined a proffered opportunity to withdraw his plea. Titone, J. P., Suozzi, Margett and Hawkins, JJ., concur.