OPINION OF THE COURT
Wachtler, J.
The defendant was arrested for attempted burglary together with Kevin Harvey and Eric Eason. At the time of the arrest the police seized certain evidence from their car and obtained statements from the defendant without advising him of his rights. Later at the station house, after being advised of his rights the defendant stated that he wanted an attorney and that he did not wish to answer any questions about the *430 incident without the assistance of counsel. The questioning was terminated and the defendant was permitted to call his mother. During this conversation the defendant asked his mother to call an attorney.
Soon thereafter, and little more than 30 minutes after the first interrogation, another officer investigating the attempted burglary asked the defendant if he had been advised of, and understood, his rights. When the defendant answered affirmatively the officer proceeded to question him about the crime without the assistance of counsel and before the defendant had spoken with an attorney. The defendant initially denied any criminal involvement. However when the officer confronted the defendant with a statement signed by Harvey, the defendant made incriminating admissions which were later incorporated into a written confession.
The defendant made a pretrial motion to suppress all his statements as well as the physical evidence seized from his car. After a hearing the County Court suppressed the statements made by the defendant at the time of arrest prior to being advised of his rights, but otherwise denied the motion. The defendant then pleaded guilty to criminal facilitation in the second degree.
The Appellate Term reversed,. set aside the plea and suppressed the confession, but otherwise affirmed the order denying the motion to suppress.
The People have appealed to this court claiming that the confession is admissible and that the conviction should therefore be reinstated. They urge that there is no per se rule prohibiting the police from renewing the interrogation once the defendant has requested counsel and that, under the totality of the circumstances in this case, the defendant’s subsequent decision to speak with the police, in the absence of counsel, was voluntarily and intelligently made.
The principles applicable to this appeal are discussed in People v Grant (45 NY2d 366), decided herewith). Here it is sufficient to emphasize that although the police advised the defendant of his rights, Miranda imposes additional obligations upon them when the defendant chooses to assert his rights. Unless these additional obligations are also satisfied the confession will not be admissible even though it might otherwise be said to be voluntary in traditional terms. As in Grant, however, there is no need in this case to determine whether Miranda establishes a per se rule prohibiting the *431 police from renewing the interrogation in the absence of counsel once the defendant has requested an attorney. Even if Miranda does not absolutely preclude the police from renewing the questioning at an earlier point, they must at least scrupulously honor the defendant’s request for counsel before continuing the interrogation and that was not done in this case.
Here the police briefly complied with the defendant’s request for counsel by terminating the interrogation and permitting him to attempt to obtain a lawyer. But almost immediately after that they proceeded to question him again about the same criminal offense, before he had an opportunity to consult with counsel and without readvising him of his rights (see, e.g., People v Jackson, 41 NY2d 146). Indeed when the defendant still proved reluctant to make incriminating statements concerning the incident the interrogating officer immediately confronted him with Harvey’s statement which could only have served to make the defendant change his mind and respond to the questioning without an attorney’s advice or assistance as, of course, he did (see, e.g., People v Grant, 45 NY2d 366, supra; People v Jackson, supra; cf. People v Buxton, 44 NY2d 33).
This type of conduct cannot be said to be consistent with the obligation of the police to scrupulously honor the defendant’s request for counsel and his refusal to answer questions about the attempted burglary without an attorney’s assistance.
Since we have concluded that the Appellate Term’s order of reversal should be affirmed there is no need to consider the additional arguments made by the defendant as respondent on this appeal (see CPL 470.35, subd 2, par [b]).
Accordingly, the order of the Appellate Term should be affirmed.
Chief Judge Breitel and Judges Gabrielli, Jones, Fuchs-berg and Cooke concur with Judge Wachtler; Judge Jasen concurs in result only.
Order affirmed.