■ ANTHONY W. ROGGIO, Appellant, v HALLMARK CONSTRUCTION CORPORATION, Defendant and Third-Party Plaintiff-Respondent. SLEEPY HOLLOW LAKE, INC., Third-Party Defendant-Respondent.—Appeal from an order of the Supreme Court, entered August 8, 1977 in Albany County, which set aside a verdict in favor of plaintiff rendered at a Trial Term and ordered a new trial unless the plaintiff stipulates to reduce the verdict to the sum of $50,000. Following a jury verdict in favor of plaintiff in the sum of $155,000, the trial court granted defendant's motion to set aside the verdict as excessive and ordered a new trial as to all issues unless the plaintiff, within 20 days following service of the order, stipulated to reduce the verdict to the sum of $50,000, in which event the motion was denied. Upon plaintiff's failure to accept said sum of $50,000, the motion was granted. Our review of the record convinces us that the decision of the trial court should be affirmed. Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN BABCOCK, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered November 15, 1977, which revoked defendant's probation and imposed sentence upon his earlier conviction of burglary in the third degree. Defendant was arrested on a warrant obtained from a local criminal court upon the filing of a felony complaint. While in custody, prior to arraignment and prior to being represented by counsel, but after *Miranda* warnings, defendant was interrogated by a police officer and gave an incriminating statement. After a jury trial defendant was convicted of unauthorized use of a motor vehicle and received a sentence of one year in the county jail. He was also found guilty of violation of probation and sentenced to a term of 0 to 4 years. These appeals ensued. The sole issue for consideration is whether the court erred in denying defendant's motion to suppress the oral statement made to the police officer. It is defendant's contention that once the information was filed and warrant of arrest issued no further interrogation of him was justified since he could not waive his right to remain silent in the absence of counsel. Consequently, he argues, the instant statement should have been suppressed. We disagree. Defendant's reliance on *People v Hobson* (39 NY2d 479) is misplaced. We are of the view that *Hobson* was restricted to a postindictment statement. Where the accusatory instrument is not an indictment, the point after which the police are prohibited from questioning is the arraignment *(People v Stockford,* 24 NY2d 146; *People v Bodie,* 16 NY2d 275). The judgment, therefore, should be affirmed. Judgment affirmed. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.