■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIA RIVERA, Appellant.—Judgment of the Supreme Court, Bronx County, rendered November 19, 1976, convicting defendant of murder in the second degree, manslaughter in the first degree, robbery in the first degree, burglary in the second degree, and criminal possession of a weapon in the fourth degree, and order of said court entered on June 18, 1976 denying defendant's motion to suppress, unanimously reversed, on the law and as a matter of discretion in the interest of justice, the motion to suppress granted and the case remanded for a new trial (CPL 470.55, subd 1). It appears that subsequent to indictment and extradition from Puerto Rico and after receiving the *Miranda* warnings, but before counsel was assigned or retained, defendant allegedly waived her right to counsel and made an incriminating statement to the police. That statement made under those circumstances might be admissible (see *People v Lopez,* 28 NY2d 23) providing the People established beyond a reasonable doubt that the waiver was knowingly and intelligently made. The record of the suppression hearing does not support such conclusion. Upon her return to the United States, defendant was immediately taken to the homicide precinct where she was interrogated by Detective Martinez in the presence of Detective Cortazzo. According to their testimony, she made an oral incriminating statement, which Detective Martinez reduced to writing but defendant did not sign. The testimony of the detectives at the suppression hearing leaves grave doubts as to whether defendant waived her right to counsel and if she did whether her waiver was knowingly and intelligently made. First, there was absent an express waiver by defendant of her right to counsel (cf. *People v Lopez, supra).* Second, Detective Martinez spoke to defendant partly in Spanish and partly in English. It is questionable whether she understood from the *Miranda* warnings of Detective Martinez that she was entitled to an attorney before making the statement attributed to her *(People v Bevilacqua,* 45 NY2d 508). The record does not disclose any findings of fact or conclusions of law by the court essential to the determination of the motion, as required by CPL 710.60 (subds 4, 6). We conclude from our examination of the record that the People have not proved beyond a reasonable doubt that defendant knowingly and intelligently waived her right to counsel. The receipt of defendant's statement at trial was an error of constitutional dimension. Therefore, we may take note of it although no specific objection was made on that ground *(People v McLucas,* 15 NY2d 167, 172; *People v Kelly,* 12 NY2d 248, 250; *People v Jones,* 32 AD2d 1069, 1070; CPL 470.15, subd 6, par [a]). In the statement defendant maintained that she committed a burglary during which she observed the body of the deceased, but defendant denied any responsibility for the killing. In view of the testimony of defendant's friends Torrez and Vega that defendant planned and admitted the killing, this extrajudicial statement placing defendant

at the scene cast substantial doubt upon defendant's denial of responsibility for the homicide (although defendant did not testify). Moreover, it was argued by defendant's counsel that Vega, a witness for the prosecution, was responsible for the killing. In order for an error of constitutional nature to be deemed harmless, it must appear beyond a reasonable doubt that the error did not contribute to defendant's conviction *(People v Crimmins,* 36 NY2d 230, 237; *People v Almestica,* 42 NY2d 222, 226). Such is not this case. We do not say that the other evidence in the case was insufficient to sustain defendant's conviction. We do say that the relationship between the "admission" of defendant and the other evidence was so intertwined that we may not excise the statement by a mere declaration that its receipt was "harmless error" *(People v Bevilacqua, supra).* Concur—Kupferman, J. P., Birns, Silverman, Markewich and Sandler, JJ.