■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES D'ANGELO, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered September 29, 1977, convicting him of attempted robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. At the time of his arrest in connection with an attempted truck hijacking defendant indicated to the arresting officer that he wanted to speak with his attorney. The arresting officer then read defendant his *Miranda* rights. Defendant was eventually transported to the police precinct where he spoke to another police officer, who repeated the *Miranda* warnings and questioned him. At that point, defendant confessed to the crime. As the District Attorney concedes, it was error for the trial court to admit defendant's tainted confession at trial (see *People v Buxton,* 44 NY2d 33; *People v Clark,* 45 NY2d 432). We cannot agree with the District Attorney's contention that the error was "harmless beyond a reasonable doubt" (see *People v Almestica,* 42 NY2d 222). The confession was the most damaging piece of evidence admitted against defendant at trial (cf. *People v Jones,* 61 AD2d 264). Although the other evidence of his guilt was persuasive, it cannot be said beyond a reasonable doubt, that the error in admitting his statement into evidence did not contribute to his conviction *(People v Jones, supra).* Defendant's other contention regarding the refusal to charge attempted grand larceny in the second degree, attempted grand larceny in the third degree, and attempted petty larceny, is without merit. No reasonable view of the evidence, on this record, would warrant such a charge. O'Connor, J. P., Rabin, Gulotta and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD J. FITZPATRICK, Appellant.—Defendant appeals from a judgment of the County Court, Nassau County, rendered April 7, 1977, convicting him of burglary in the first degree (two counts), assault in the first degree, attempted rape in the first degree and possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Judgment affirmed. In our opinion, there was probable cause for the defendant's detention on September 14, 1976. Consequently, there is no basis for the claim that his confession and incriminating oral statements of that day should have been suppressed because they were the "fruit" of an unlawful arrest (see, generally, *Brown v Illinois,* 422 US 590). We have examined the defendant's other contentions and find that they are without merit. O'Connor, J. P., Rabin, Gulotta and Shapiro, JJ., concur.