■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS COLQUIT, Appellant.—Judgment, Supreme Court, Bronx County, rendered September 22, 1976, convicting defendant, on his plea of guilty, of manslaughter in the second degree and sentencing him thereupon to a term of 5 to 10 years, unanimously reversed, on the law, the motion to suppress defendant's statement granted, and the matter remanded for further proceedings. It is undisputed that defendant was indicted on May 5, 1975, and that a recorded statement was taken from him at the station house in the absence of counsel on the night of his arrest, three weeks later, on May 27, 1975. Although defendant never challenged the admissibility of the statement on the ground that it was taken after his indictment, the issue is preserved for appellate review since it concerns a basic constitutional right. By now it is axiomatic that after indictment a defendant in custody may not be interrogated in the absence of counsel, even if an attorney has not yet appeared in the case. *(People v Settles,* 46 NY2d 154; see, also, *People v Hobson,* 39 NY2d 479.) Moreover, even were it not the fact that the statement was taken after indictment, under the circumstances presented there was no clear waiver by the defendant of his right to counsel. At the outset of the interrogation he asked "Well, no way I can have a lawyer here, right? Is there?", and, after the District Attorney again informed defendant of his right to remain silent until he had an opportunity to consult with counsel, defendant said "Well, I really rather talk with a lawyer first." Although the New York courts have refrained from establishing a rule, which, per se, prohibits the resumption of questioning, whatever the circumstances, once a lawyer has been requested (see *People v Grant,* 45 NY2d 366, 375), it is clear that a defendant's request for counsel must be "scrupulously honor[ed]" before questioning is renewed. (See *People v Munlin,* 45 NY2d 427, 431; *People v Grant,* 45 NY2d 366, 375-376, *supra;* also *Miranda v Arizona,* 384 US 436.) The record here indicates that defendant's rescission of his election to have counsel present was under circumstances denoting a degree of confusion on his part, since he stated that he thought that the Assistant District Attorney was "like a lawyer." Although defendant subsequently agreed to go on without a lawyer it is not clear that by continuing to speak to defendant instead of terminating the discussion the Assistant District Attorney "scrupulously honored" defendant's right to counsel, particularly in light of defendant's above-mentioned confusion, and his twice-spoken wish to have an attorney present. We take note, however,

that the speedy trial claim raised by defendant is without merit, so that the reversal warranted here does not vitiate the indictment. Concur—Sullivan, J. P., Lane, Markewich, Silverman and Ross, JJ.