■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR GOOLJAR, Appellant. — Appeal by defendant from a judgment of the County Court, Rockland County, rendered June 26, 1980, convicting him of burglary in the third degree and grand larceny in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The defendant urges, and the People concede, that the statement of the defendant taken subsequent to the execution of the arrest warrant was admitted in error under *People v Samuels* (49 NY2d 218). The question is whether the introduction of the statement into evidence was harmless error. There can be little doubt that the statement was damaging, for essentially it amounted to a confession that the defendant had stolen the typewriters in question. Moreover, it was bolstered by testimony from police officers that the defendant had orally made a similar admission, and that the defendant had signed the written statement before them. We must consider whether the error is of such insignificance that it may be disregarded as harmless error. The first step in the analysis is whether the error is of constitutional import. If it is, then the rule is whether "there is no reasonable possibility that the error might have contributed to defendant's conviction and that it was thus harmless beyond a reasonable doubt" *(People v Crimmins,* 36 NY2d 230, 237). If the error is nonconstitutional, then the rule is whether "there is a significant probability, rather than only a ra-

tional possibility, in the particular case that the jury would have acquitted the defendant had it not been for the error or errors which occurred" *(People v Crimmins, supra,* p 242). In our judgment the error is of constitutional proportions and the more exacting test of harm must be applied. *People v Samuels* (49 NY2d 218, 221, *supra),* makes clear that the foundation of its ruling is the right of the defendant to counsel at all critical stages of a criminal prosecution, and that this right is violated when a statement is taken from a defendant in the absence of counsel after a felony complaint has been filed and an arrest warrant issued. It cannot be questioned that the right to counsel is constitutional in derivation (US Const, 6th Amdt; NY Const, art I, § 6; see *Gideon v Wainwright,* 372 US 335; *People v Settles,* 46 NY2d 154, 161). Indeed, as pointed out in *Settles* (p 161) "So valued is the right to counsel in this State (NY Const, art I, § 6), it has developed independent of its Federal counterpart (US Const, 6th Amdt)." The test is therefore whether there is no *reasonable possibility* that the error might have *contributed* to the defendant's conviction. "Although there may be cases in which the error of admitting excludable evidence may not require reversal, it cannot be gainsaid that a confession is a most serious matter in the trial of a criminal case" *(People v Ramos,* 40 NY2d 610, 618-619; and see *People v Sanchez,* 15 NY2d 387, 389; *People v Donovan,* 13 NY2d 148, 153-154). Hence, the test in this context is a relatively narrow one: it requires the reviewing court to determine whether the error (1) presented a reasonable possibility which (2) might have contributed to the conviction. It is noteworthy that the test does not require that the confession be the decisive factor in the defendant's conviction — only that it may have contributed, along with other evidence, to the defendant's conviction. Here, the defendant's confession assumed a powerful thrust toward guilt, since it was taken by police officers both orally and in writing subscribed by the defendant, and received under the aura of corroborative testimony of the police officers. Though there were other statements of the defendant, made to the complainants, which were admitted into evidence, none of them constituted outright admissions of guilt. Moreover, the defendant introduced evidence of an alibi through the testimony of himself and other witnesses. Under these circumstances, there is a reasonable possibility that the confession contributed to the conviction. The language of the Court of Appeals in *People v Donovan* (13 NY2d 148, 153-154, *supra)* has application here: "We are reminded that, apart from the written confession, there was adequate, indeed strong, evidence before the jury — such as proof of presence at the scene of the crime and accomplice testimony — to support the verdict of guilt against Donovan. That, however, does not justify an affirmance by this court, for, not knowing what credit and weight the jury gave to the written confession, we cannot say whether the jury would have returned a verdict of guilt if that improperly received statement had been excluded. 'It is for jurors,' we wrote in *People v. Mleczko* (298 N.Y. 153, 163), 'not judges of an appellate court such as ours, to decide the issue of guilt' solely on the basis of evidence properly before them. (See, also, *People v. Rosenfeld,* 11 NY2d 290, 300; *People v. Jackson,* 7 NY2d 142, 145; *People v. Marendi,* 213 N.Y. 600, 618-620). It cannot be overemphasized that our legal system is concerned as much with the integrity of the judicial process as with the issue of guilt or innocence. The constitutional and statutory safeguards provided for one accused of crime are to be applied in all cases. The worst criminal, the most culpable individual, is as much entitled to the benefit of a rule of law as the most blameless member of society. To disregard violation of the rule because there is proof in the record to persuade us of a defendant's guilt

would but lead to erosion of the rule and endanger the rights of even those who are innocent." In other cases similar error in the reception of a confession into evidence has been said not to be harmless *(People v D'Angelo,* 67 AD2d 931; *People v Rivera,* 66 AD2d 714; *People v Kemp,* 65 AD2d 542; *People v Rivers,* 64 AD2d 834; *People v Howard,* 62 AD2d 179, 182, affd 47 NY?d 988; *People v Dugan,* 53 AD2d 507, 510). Finally, it should be noted that the record on appeal in *People v Samuels* (49 NY2d 218, *supra)* discloses that the confession had characteristics similar to the confession here — it was first made orally to the police, then put in writing and signed by the defendant. Despite the fact that there was independent evidence of guilt, i.e., an identification of the defendant by the victim of the robbery, the Court of Appeals reversed the conviction on account of the erroneous admission of the confession into evidence. Accordingly, since there is a reasonable possibility that the confession contributed to the defendant's conviction, the judgment must be reversed and a new trial ordered. Mollen, P.J., Hopkins, Lazer and Mangano, JJ., concur.