OPINION OF THE COURT
Wachtler, J.
On this appeal the defendant seeks to suppress oral and written statements which he claims were obtained in violation of his right to counsel. The question is whether a defendant can waive his rights in the absence of counsel after a felony complaint has been filed in court.
On September 4, 1975 two men robbed a store in Nassau County. Several days later the investigating officer filed a felony complaint in the District Court charging the defendant with the crime. Based on the complaint an arrest warrant was issued. On October 5, 1975 the police arrested the defendant at his mother’s home. Prior to bringing the defendant before the court for arraignment, the police transported him to the local precinct "for processing”. At the police station he was advised of his rights and questioned about the robbery in the absence of counsel. He made oral and written statements admitting participation in the robbery but claiming that he had been coerced into assisting the robber.
The defendant made a pretrial motion to suppress the statements on the ground that he had not been advised of his rights and had been "forced” by the police into making the statements. After a hearing the trial court found that the facts did not support these contentions. The motion was denied. Subsequently the defendant went to trial and was found guilty of the robbery.
On appeal to the Appellate Division the defendant argued *221 that the confession should have been suppressed because it was obtained in the absence of counsel after a felony complaint had been filed in court. He urged that his right to counsel attached when the felony complaint was filed and that he could not thereafter waive his rights without the assistance of counsel. The Appellate Division aflirmed, without opinion.
On appeal to this court, the defendant presents the same issue argued before the Appellate Division. The prosecutor notes that this point was not raised at the trial court and urges that it therefore was not preserved for appellate review. It is settled, however, that a claim that a defendant was deprived of his right to counsel during police questioning may be raised for the first time on appeal (see, e.g., People v Arthur, 22 NY2d 325, 329; People v Ermo, 47 NY2d 863; People v Dean, Al NY2d 967).
The defendant is entitled to counsel at all critical stages of the criminal prosecution (People v Settles, 46 NY2d 154, 165). The right to counsel attaches, of course, once the criminal action has been commenced (see, e.g., People v Blake, 35 NY2d 331, 339-340). But it may also attach at an earlier stage if there has been significant judicial activity. Thus, for instance, a court order permitting the police to bring the defendant to the scene of the crime (People v Sugden, 35 NY2d 453, 461) or directing that he appear in a lineup (People v Coleman, 43 NY2d 222) may be sufficient to trigger the right to counsel even though the criminal action may not have formally commenced.
By statute a criminal action now commences with the filing of an accusatory instrument (CPL 1.20, subd 17), which includes a felony complaint (CPL 1.20, subds 1, 8). Thus in this case the defendant’s right to counsel attached when the felony complaint was filed and the arrest warrant issued (cf. People v Blake, 35 NY2d 331, 339, supra; People v Sugden, 35 NY2d 453, 461, supra). This represents a departure from prior law which traditionally regarded arraignment on the warrant as the " 'first stage of the criminal proceeding’ ” (People v Stock-ford, 24 NY2d 146, 149). We have previously indicated that this rule became obsolete when the CPL was adopted (People v Blake, supra, p 339).
The question then is whether the right, which attached upon the filing of the felony complaint, could be waived in the absence of counsel. In People v Coleman (supra), where the right to counsel was triggered by a court order directing the *222 defendant to appear in a lineup, we held that a waiver in the absence of counsel was possible. There, however, the crime was still under investigation and the defendant had not been formally charged. Later in People v Settles (supra), where the defendant had been indicted for the crime, we held that the right to counsel had "indelibly attached” and could only be waived in the presence of a lawyer.
The defendant claims that Settles is controlling here because the filing of a felony complaint, like the filing of an indictment, formally commences the criminal action. The District Attorney notes, however, that unlike an indictment, a felony complaint may not serve as a basis for a prosecution (CPL 1.20, subd 8). It must be superseded by an indictment or a superior court information before the defendant may be convicted of a felony charge by plea or verdict (CPL 10.20, subd 1, par [a]; 210.15). He claims that this often requires additional investigation and proof and that in this case, in fact, the police filed the felony complaint simply to obtain an arrest warrant in order to complete the investigation by questioning the defendant in custody. Thus, he argues, this case is more analogous to People v Coleman (43 NY2d 222, supra) because the felony complaint and the arrest warrant, like the order for the lineup in that case, merely served to further a pending investigation.
A felony complaint is not an application for an investigatory order. Indeed if the court issues an arrest warrant on the basis of the complaint, it must direct that the defendant be promptly brought before the court for arraignment (CPL 120.10, subd 1) and not to the police station for questioning. "The sole function of a warrant of arrest is to achieve a defendant’s court appearance in a criminal action for the purpose of arraignment upon the accusatory instrument by which such action was commenced” (CPL 120.10, subd 1).
Thus, like an indictment, a felony complaint is a formal accusation which the defendant must answer in court. The police of course may continue to investigate after the filing of the felony complaint as they may after an indictment has been returned. But once the accusation has been made in court the case is no longer merely a subject of investigation. It is a matter in litigation and, we have noted, this "is precisely the juncture at which legal advice is crucial and a well-recognized principle in civil litigation serves as an appropriate analogy. Once a matter is the subject of a legal controversy *223 any discussions relating thereto should be conducted by counsel: at that point the parties are in no position to safeguard their rights” (People v Settles, 46 NY2d 154, 163-164, supra).
The fact that the defendant may not actually be tried on the felony complaint is of no consequence. A defendant who is called to answer a felony charge in court has a need and a right of counsel at all preliminary proceedings, including arraignment on a felony complaint (CPL 180.10, subd 3). The police, as noted, must see that he is promptly arraigned so that he may be informed of the pending charge and given an opportunity to consult counsel, assigned if necessary, without delay (People v Alex, 265 NY 192, 195; People v Mummiani, 258 NY 394, 399-400). And when "all that stands between the entry of counsel into the proceedings and nonrepresentation is the ministerial act of arraignment, there may be no waiver of the right to counsel unless an attorney is present” (People v Settles, 46 NY2d 154, 166, supra).
In sum, the statements obtained in the absence of . counsel after the filing of the felony complaint should be suppressed. The order of the Appellate Division affirming the conviction should, therefore, be reversed and a new trial ordered.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Fuchsberg and Meyer concur.
Order reversed, statements obtained in the absence of counsel after the filing of the felony complaint suppressed, and a new trial ordered.