■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER GIGLIOTTI, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered May 3, 1978, upon a verdict convicting defendant of two counts of the crime of assault in the first degree. On November 24, 1977, Giacomo Cesare filed a felony complaint accusing the defendant of the crime of assault in the first degree, asserting that defendant had cut him with an "unknown sharp instrument." A warrant was thereafter issued and on the next day defendant was arrested and was given his *Miranda* warnings. He was then taken to the police station for booking, at which time he was told to empty his pockets on the desk. One of the arresting officers then asked him what he had used in the assault. Defendant replied, "This", and pushed a pocketknife, which he had removed from his pocket, across the desk. Defendant was thereafter arraigned and was subsequently indicted and charged with two counts of assault in the first degree. A suppression hearing was thereafter held at which defendant sought to suppress the knife and his oral statement. The court denied the motion to suppress, finding that defendant was given *Miranda* warnings, understood them, and had voluntarily waived his rights. The court further found that the knife was obtained in the course of a valid inventory search. After a trial, the jury found defendant guilty on both counts of assault as charged. Defendant contends that the criminal action having been commenced by the filing of a felony complaint prior to his arrest, he could not waive the right to counsel out of the presence of counsel and, therefore, his oral statement should have been suppressed as a matter of law. This precise question was presented to the Court of Appeals in *People v Samuels* (49 NY2d 218), and it was therein determined that (p 223) once a felony complaint has been filed " 'there may be no waiver of the right to counsel unless an attorney is present' ". "Once a matter is the subject of a legal controversy any discussions relating thereto should be conducted by counsel: at that point the parties are in no position to safeguard their rights" *(People v Settles,* 46 NY2d 154, 164). The oral statement made by defendant should, therefore, have been suppressed. While the trial court did not err in refusing to suppress the knife *(People v Perel,* 34 NY2d 462), admissibility of the knife into evidence upon a new trial, which must be ordered, will necessarily have to rest upon a foundation, other than defendant's oral statement. Judgment reversed, on the law, and a new trial ordered. Sweeney, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur.