■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE CLAUDE UTTER, Appellant.—Appeal from a judgment of the County Court of Otsego County, rendered May 21, 1979, upon a verdict convicting defendant

of the crime of murder in the second degree. In an indictment defendant was charged with the crime of murder in the second degree in violation of subdivision 2 of section 125.25 of the Penal Law based on allegations that he caused the death of a two- and one-half-year-old baby by means of beating the baby with his hands and with a stick. Following a jury trial, defendant was convicted of said crime and sentence was imposed. This appeal ensued. It appears from the record that an accusatory instrument was filed and as a result thereof a warrant of arrest was issued directing the arrest of defendant. Defendant was thereafter arrested and given his *Miranda* warnings. He was then questioned in the absence of counsel and made a full confession. A pretrial motion was made by defendant to suppress the confession. The court denied the motion, concluding that defendant was given his *Miranda* warnings, that he understood his rights and that he voluntarily and knowingly waived his rights in making the oral and written admissions. Defendant contends that the confession should have been suppressed due to the fact that it was obtained in the absence of counsel after an accusatory instrument was filed and that he could not waive his right to counsel in the absence of counsel. The Court of Appeals has recently addressed this precise issue and concluded that once a felony complaint is filed a defendant may not waive his right to counsel in the absence of counsel *(People v Samuels,* 49 NY2d 218). Consequently, defendant's confession was improperly admitted into evidence at trial and should have been suppressed. The trial court's failure to suppress defendant's confession may not, in the present case, be characterized a harmless error. The judgment, therefore, must be reversed and a new trial granted. Having so concluded, we need not now consider defendant's remaining contentions. Judgment reversed, on the law, and a new trial granted. Sweeney, J. P., Main and Mikoll, JJ., concur; Herlihy, J., concurs in the result in a separate memorandum; Staley, Jr., J., dissents and votes to affirm in a memorandum.

Herlihy, J. (concurring in the result). Here, the defendant in seeking a reversal of a judgment of conviction relies solely upon a court decision which summarily states a waiver is ineffective where counsel must be present to waive the right to counsel and which decision was subsequent to the court's ruling in this proceeding. The defendant does not contend that the statement was not voluntary, nor does he suggest police brutality, deception, or any other possible defense or his unusual susceptibility to a particular form of persuasion. The defendant is not a paragon of virtue. He has 13 prior criminal convictions which should itself be a presumption that he knew his rights under the criminal law. I would affirm, but must vote to reverse on constraint of *People v Samuels* (49 NY2d 218).

Staley, Jr., J. (dissenting). Defendant was convicted of the crime of murder in the second degree for the brutal death of a two- and one-half-year-old baby as a result of defendant's beating the child to death on February 11, 1979. As a result of a police investigation, a warrant for the arrest of defendant was issued on February 11, 1979, and defendant was taken into custody. Defendant was transported to a New York State Police substation where he was advised of his rights. Defendant said he didn't require an attorney and would answer questions. Thereafter he gave a written statement of his involvement in the murder. After a *Huntley* hearing, the court denied defendant's motion to suppress his statement as evidence. The record does not contain any evidence of the ground or statement upon which the warrant of arrest was issued. I am well aware of the holding of the Court of Appeals in *People v Samuels* (49 NY2d 218, 221), wherein it is stated: "By

statute a criminal action now commences with the filing of an accusatory instrument (CPL 1.20, subd 17), which includes a felony complaint (CPL 1.20, subds 1, 8). Thus in this case the defendant's right to counsel attached when the felony complaint was filed and the arrest warrant issued". It was also held that a waiver of counsel could only be waived in the presence of defendant's attorney. Although the record herein does not contain any statement of a felony complaint, there is probably a presumption that such complaint did exist since a warrant of arrest was issued. In *People v Cunningham* (49 NY2d 203), defendant requested to consult with an attorney and thereafter attempted to waive his right to counsel, which the court determined he could not do. In the *Samuels* case, defendant testified at the *Huntley* hearing that he had continually asked for an attorney and his mother testified that defendant telephoned her and asked her to contact a lawyer to represent him. Defendant here has 13 prior criminal convictions and was, therefore, in a position to know his rights and assert them if he so desired. Under the circumstances, I am of the opinion that the ruling of the Court of Appeals in *People v Bodie* (16 NY2d 275, 279) should control where the court stated: "On the issue of waiver, this court may consider the defendant's previous experience with the law, e.g., his conviction for possession of a hypodermic needle (brought out at the *Huntley* hearing) as probative of what he understood the question 'do you care for counsel' to mean. The fact that he said 'No', coupled with the prior conviction, indicates that he understood the full import of the officer's statement, and that he knowingly waived his right to counsel. It is important to note in this case that it does not involve an ignorant defendant who has not had any previous contact with the law." (Cf. *People v Hobson*, 39 NY2d 479, 491.) Under the circumstances here, when such a heinous crime has been committed and knowingly acknowledged, the ruling of *People v Samuels (supra)* lends itself to a less strict interpretation to the effect that justice should prevail and the conviction should be affirmed.