THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL PAWLYSHYN, Appellant.—Appeal from a judgment of the County Court of Otsego County, entered February 5, 1979, convicting defendant upon his plea of guilty of the crime of arson in the second degree. The defendant was indicted on charges of murder and arson arising out of the burning of an apartment building in Richfield Springs which resulted in the death of a tenant therein. Pursuant to a motion duly made by the defendant, a suppression hearing was held as to telephone conversations recorded on March 8, 9, 11 and 13, 1978, as well as face-to-face conversations on March 9 and 10, 1978; and also a telephone conversation on March 14, 1978, as well as a written confession and certain keys seized with defendant's consent. The trial court rendered a decision on September 6, 1978 denying the motion to suppress, and the defendant entered his plea of guilty on January 8, 1979 and was sentenced on February 5, 1979 to an indeterminate term of imprisonment with no minimum and a maximum of 15 years. Among other things, the defendant urged the trial court to suppress any result of interrogation on and after March 13, 1978 because at that time the police knew as a fact that he was represented by counsel as to the charges under investigation. This was denied upon the ground that there was no clear proof that he was in fact represented by counsel and/or that the police should have been on notice of such representation. Following the conviction herein, the Court of Appeals, on January 15, 1980, held that a criminal action is commenced upon the filing of a felony complaint and that upon such filing a right to counsel accrues which cannot be waived in the absence of counsel *(People v Samuels,* 49 NY2d 218, 221). In *People v Samuels (supra,* p 221) the court, in its consideration of the right to counsel, noted as follows: "On appeal to this court, the defendant presents the same issue argued before the Appellate Division. The prosecutor notes that this point was not raised at the trial court and urges that it therefore was not preserved for appellate review. It is settled, however, that a claim that a defendant was deprived of his right to counsel during police questioning may be raised for the first time on appeal (see, e.g., *People v Arthur,* 22 NY2d 325, 329; *People v Ermo,* 47 NY2d 863; *People v Dean,* 47 NY2d 967). The defendant is entitled to counsel at all critical stages of the criminal prosecution *(People v Settles,* 46 NY2d 154, 165). The right to counsel attaches, of course, once the criminal action has been commenced (see, e.g., *People v Blake,* 35 NY2d 331, 339-340). But it may also attach at an earlier stage if there has been significant judicial activity. Thus, for instance, a court order permitting the police to bring the defendant to the scene of the crime *(People v Sugden,* 35 NY2d 453,461) or directing that he appear in a lineup *(People v Coleman,* 43 NY2d 222) may be sufficient to trigger the right to counsel even though the criminal action may not have formally commenced. By statute a criminal action now commences with the filing of an accusatory instrument (CPL 1.20, subd 17), which includes a felony complaint (CPL 1.20, subds 1, 8). Thus in this case the defendant's right to counsel attached when the felony complaint was filed and the arrest warrant issued (cf. *People v Blake,* 35 NY2d 331, 339, *supra; People v Sugden,* 35 NY2d 453, 461, *supra).* This represents a departure from prior law which traditionally regarded arraignment on the warrant as the ' "first stage of the criminal proceeding" ' *(People v Stockford,* 24 NY2d 146, 149).

We have previously indicated that this rule became obsolete when the CPL was adopted *(People v Blake, supra,* p 339)." While the right to counsel issue is not necessarily dispositive of all of the issues raised by the suppression motion, it is nevertheless of such a nature as to require its determination before determining this appeal in the context of a right to a new trial. As in *People v Samuels (supra),** the defendant did not raise the issue of involuntariness based on a waiver of the right to remain silent in the absence of counsel as arising upon the filing of the accusatory instrument. (See, also, *People v Cullen,* 50 NY2d 168.) Nevertheless, he has raised such question upon this appeal. Unlike the *Samuels* and *Cullen* cases, where it appears that the accusatory instrument and its temporal relation to items the defendant sought to suppress were somehow stipulated or part of the trial court record, the parties in this case do not agree as to what "constitutes" *the* accusatory instrument, and the original record does not contain such instrument or instruments. Upon this appeal, the defendant has attached to his brief copies of three felony complaints seeking arrest warrants for the crime at issue. The People do not directly dispute the accuracy of the copies of the complaints and seek only to establish that they do not affect the court's decision in this suppression hearing. We agree, but note the issue was not decided in the prior decision. Each instrument is entitled "Town Justice Court, Town of Springfield" and each is signed by Stephen A. More as Town Justice of Town of Springfield. Each complaint charges the persons specified therein with having committed the crimes for which defendant was indicted, and each requests "that a warrant be issued for the arrest of the defendant". The first complaint names as defendant JOHN DOE and was sworn to on March 9, 1978, and it is alleged in the People's brief that the sole reason for seeking the complaint was to obtain toll records from the New York Telephone Company with respect to telephones. It is noteworthy that there is no statement as to what telephone was subject to the investigation being conducted. The second complaint was sworn to on March 13, 1978 and the third complaint was sworn to on March 14, 1978, all before the Town Justice. The second and third complaints name the defendant as a defendant. The record discloses that, as of March 9, 1978, the complainant, Investigator McElligott, was well aware of the connection of defendant with the crime through the confession of an accomplice and through eavesdropping. The same knowledge was possessed by complainant Investigator Chandler when he executed the complaints of March 13 and 14, 1978. Finally, it appears that possibly the date of March 13 was changed to March 14 on one of the complaints, but none of the complaints are actually a part of the record as properly before us upon this appeal. Considering the complaints as factual allegations made by the defendant in behalf of his attempt to apply the *Samuels* case to this case, it appears that further proceedings must be had to establish the nature and effect of the foregoing documents as accusatory instruments commencing the criminal proceeding herein. It is unnecessary to a determination of the issues raised by the *Samuels* case to have further testimony on any factual issues other than those directly related to the preparation, filing and use of the felony complaints by the investigators and the Town Justice. Decision withheld, and matter remitted to the County Court of Otsego County with directions to conduct further suppression hearings and upon their completion to determine the nature and judicial effect of the criminal complaints dated March 9, 13, 14 of 1978

---

* It should be noted the trial court's decision herein was rendered prior to the Court of Appeals decision in *Samuels.*

and when this criminal case was commenced against the defendant—which was not considered on the prior suppression hearing—and upon the filing of the record of such further proceeding and the findings of the County Court in this court, the matter is to be restored to the calendar of this court following due notification to counsel. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.

