■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE LEE DAVIS, Appellant.—Appeal from a judgment of the County Court of Clinton County, rendered July 14, 1978, convicting defendant upon his plea of guilty of the crime of assault in the first degree. On October 27, 1977, Colleen Welch was assaulted by defendant, who struck her about the head and face with a board one and one-half feet long and two to three inches wide. She was seriously injured and taken to the hospital, placed in intensive care, and operated upon for the lacerations to her face and head. On October 28, 1977, she identified defendant from seven photographs submitted to her by the police. On October 29, 1977, the police arrested defendant pursuant to an arrest warrant. He was directly taken to the police station where he was given the *Miranda* warnings. After indicating that he understood his rights, he gave the police an exculpatory statement, claiming that he had an alibi to the charge. Defendant was indicted for the crime of assault in the first degree on December 13, 1977. At the trial, which commenced on June 8, 1978, Officer Mitchell, the arresting officer, testified that defendant was arraigned before a City Court Judge at about 4:00 P.M. on October 29, 1977; that an attorney was not assigned to him at that time; that the City Court Judge said, "We'll bring you back to court for the purpose of obtaining counsel"; and that at the first interview defendant was told he had a right to counsel. After arraignment, Officer Mitchell drove defendant to the county jail. During the trip to the jail, defendant and Officer Mitchell discussed the arrest, and defendant used foul language toward the officer. Officer Mitchell testified as follows: "I commented back to him in regard to the nature of the condition of the girl and I said 'Why are you angry at me after doing an act like this to a young girl', and he stated to me 'You'll never be able to prove it.' " Defendant contends that this statement is the only piece of evidence, other than the testimony of the victim, that in any way creates a case against defendant and that the statement should have been suppressed on authority of *People v Samuels* (49 NY2d 218). It is clear that the statement was made after the criminal action had commenced. Here, defendant did not waive right to counsel and, in any event, such right could not be waived in the absence of counsel. *(People v Grant,* 45 NY2d 366.)* "Once a matter is the subject of a legal controversy any discussions relating thereto should be conducted by counsel: at that point the parties are in no position to safeguard their rights" *(People v Settles,* 46 NY2d 154, 164). The oral statement made by defendant should, therefore, have been suppressed. Defendant is entitled to a reversal *(People v Samuels, supra).*

The other contentions of defendant are without merit, and, except for the failure to properly provide defendant with counsel, the judgment should be affirmed. Judgment reversed, on the law, and matter remitted to the County Court of Clinton County for a new trial. Mahoney, P. J., Sweeney, Kane and Staley, Jr., JJ., concur.

Casey, J., dissents and votes to affirm in the following memorandum. Casey, J. (dissenting). I respectfully dissent from so much of the majority's decision as holds that the defendant's statement made to Officer Mitchell was improperly admitted into evidence by the Trial Judge and that as a result the conviction herein should be reversed. The defendant's original statement, including his *Miranda* warnings, given at the police station immediately following his arrest pursuant to a warrant was exculpatory and relied on an alibi. Subsequent to the statement, the defendant was taken before the City Judge of Plattsburgh for his arraignment on the charge of assault in the first degree. The defendant was not assigned an attorney at the time of arraignment and was to be returned to court on the following day for that purpose. After arraignment, the defendant was being transported to the county jail by Officer Mitchell who testified that the defendant began using foul and abusive language toward him since Mitchell was the complaining officer at the arraignment. In an abusive manner, the defendant is said to have asked Mitchell what right he had to make the arrest. Mitchell replied, "Why are you angry at me after doing an act like this to a young girl". To this the defendant replied, "You'll never be able to prove it." The permitted introduction of this conversation by the Trial Judge was not error and did not violate the holding in *People v Samuels* (49 NY2d 218). Conceding that the judicial process had commenced by obtaining a warrant of arrest and by arraigning the defendant on the charge against him in the City Court and that he was in custody, there still is no applicability of the *Samuels* doctrine without submitting the defendant to questioning or inducing, provoking, encouraging or acquiescing in obtaining a statement, whether by obvious or subtle means *(People v Maerling,* 46 NY2d 289). The police conduct must be said to have triggered the defendant's statement before it violates his constitutional right to counsel *(People v Lynes,* 49 NY2d 286). The brevity of the entire conversation between the defendant and the police officer and the lack of any interrogatory mien on the officer's part clearly support the Trial Judge's determination that the statement was unsolicited by police interrogation and completely volunteered by the defendant. Having been afforded his *Miranda* warnings at the time of his arrest, when he gave his exculpatory statement, the defendant was, at least, aware of his right to remain silent and of his right to counsel. The rule of *Samuels (supra),* as the rule of *People v Arthur* (22 NY2d 325), is not absolute insofar as it does not render inadmissible a defendant's spontaneous, volunteered statement *(People v Hobson,* 39 NY2d 479, 483; *People v Robles,* 27 NY2d 155, 159, cert den 401 US 945; *People v Kaye,* 25 NY2d 139; *People v McKie,* 25 NY2d 19, 28). The defendant's other contentions have been found to lack merit by the majority and I agree with those determinations. Accordingly, I would affirm the judgment of conviction.