■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD JO-SEPHS, Also Known as LEONARD JOSEPH, Appellant. — Appeal from judgment of conviction of attempted murder, second degree, a felony, Supreme Court, New York County, rendered March 13, 1978, held in abeyance, and the matter remanded to Trial Term, New York County, for hearing as hereinafter indicated. Defendant was arrested 12 days after the crime charged against him had occurred on June 14, 1976. A preliminary hearing took place on the following July 8, and an indictment returned September 2, with arraignment on September 14. The trial did not begin until December 8, 1977, well in excess of the statutory six-month requirement (CPL 30.30, subd 1, par [a]) of readiness for trial within six months after commencement of a criminal action on an accusation of felony. Defendant moved pretrial on papers to dismiss the indictment because of lack of a speedy trial (CPL 210.20, subd 1, par [g]), and the motion was argued on the trial's opening date, the response by the prosecutor being oral only. A request for a hearing on the issue of responsibility for the delay was denied, as was the motion itself. Though we are told that the trial court stated an intention to file formal findings and conclusions thereafter in support of the decision made summarily, nothing of the sort was forthcoming. Thus, we have no way of knowing what moved the court to deny the motion without inquiry concerning the five factors, particularly "the reason for the delay," set out in *People v Taranovich* (37 NY2d 442, 445-447, *qv)*. In these circumstances, a hearing is necessary to resolve the issue of responsibility for the delay, and we remand for that purpose. Concur — Murphy, P. J., Birns, Ross, Markewich and Lynch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC BARNES, Also Known as ERIC TRACY, Appellant. — Appeal from judgment, Supreme Court, New York County, rendered July 27, 1978, convicting defendant on his plea of guilty of manslaughter in the first degree and sentencing him to an indeterminate sentence of 0 to 7 years, held in abeyance, and matter remanded for further hearing on defendant's motion to suppress statements. Although not raised by defendant in his motion to suppress incriminating statements attributed to him, or in the hearing itself, the record clearly discloses that these statements were made in the absence of counsel after the defendant had been arrested on an arrest warrant. In *People v Samuels* (49 NY2d 218), the Court of Appeals squarely held that any statements secured from a defendant in the absence of counsel after the commencement of a criminal proceeding violated the right to counsel and must be excluded. The Court of Appeals also reaffirmed in *Samuels* the rule (p 221) "that a claim that a defendant was deprived of his right to counsel during police questioning may be raised for the first time on appeal." The District Attorney contends that defendant's failure to raise the issue before the hearing court deprived the People of an opportunity to establish that the statements in question were made spontaneously and not in response to questioning. We remand for a further evidentiary hearing addressed to that issue. Concur — Fein, J. P., Sandler, Ross, Markewich and Lupiano, JJ.