# (February 26, 1981)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM P. VISCONTE, Appellant. — Adjudication unanimously reversed, on the law and facts, motion to suppress granted and a new trial granted. Memorandum: Appellant was convicted of three counts of robbery following a jury trial in August, 1977. Approximately one week before the scheduled trial on the robbery charges appellant was arrested for burglary and while in police custody made certain admissions regarding his participation in the earlier robbery. At the robbery trial appellant moved to suppress these inculpatory statements. The Trial Justice denied the motion holding that the statements were "spontaneous utterances", and he allowed them to be entered· in evidence through the testimony of an investigator. Investigator Verna testified that in the early morning hours of July 3, 1977 he questioned appellant about the burglary of a church. Verna admitted that at the time he was aware of the pending robbery charges. Nonetheless, he continued to question appellant about his relationship with one of the accomplices in the robbery. Specifically, Verna asked appellant why he was upset with the accomplice and what money he was talking about. These questions elicited the response that the accomplice had been the "wheelman" for the robbery and that appellant sent his brother to pick up the money. Since appellant was represented by counsel on the robbery charge he could not, in the absence of his counsel, be questioned about the robbery *(People v Skinner,* 52 NY2d 24; *People v Samuels,* 49 NY2d 218). The Trial Justice, however, determined that the inculpatory statements were not the product of an improper interrogation, but amounted, instead, to an exception to the general rule. A spontaneously volunteered statement may be admissible if the spontaneity is "genuine and not the result of inducement, provocation, encouragement or acquiescence, no matter how subtly employed" *(People v Maerling,* 46 NY2d 289, 302-303). This is a narrow exception *(People v Rogers,* 48 NY2d 167, 174) and courts should actively guard "the defendant's precious right to the advice of counsel in deciding whether to waive

his equally valuable right not to incriminate himself when confronted with the power and authority of the State in the person of police interrogators" *(People v Maerling, supra,* p 303). Under the circumstances of this case the incriminating statements, being prompted by direct questions, cannot be said to be spontaneous utterances. The error, being of constitutional magnitude *(People v Garofolo,* 46 NY2d 592), cannot be categorized as "harmless" since there is a reasonable possibility that it contributed to defendant's conviction *(People v Crimmins,* 36 NY2d 230, 237). (Appeal from adjudication of Monroe Supreme Court — youthful offender.) Present — Dillon, P. J., Cardamone, Hancock, Jr., Callahan and Schnepp, JJ.