Chief Judge Cooke
(dissenting). Because I cannot agree with the majority’s right to counsel analysis, I dissent, vote to reverse the conviction and grant the motion to suppress.
In People v Rogers (48 NY2d 167), this court held that once a defendant is represented by counsel, he may not be questioned in the absence of counsel either on the charge for which the attorney was retained or assigned or on any unrelated charge. This ruling extended the established New York principle that a represented defendant obtains an “indelible” right to counsel which cannot be waived unless counsel is present. Whether the Rogers rationale also precludes questioning on unrelated charges where defendant obtains an “indelible” right to counsel other than by actual representation is the question in this case.
As the majority concedes, since an accusatory instrument and an arrest warrant were filed against defendant in connection with an unrelated shoplifting charge, defendant possessed a right to counsel which could not be waived in the absence of counsel (People v Samuels, 49 NY2d 218, 222-223). What the majority refuses to acknowledge, however, is that once this “indelible” right to counsel attaches it prohibits questioning in the absence of counsel, not only as to the charge on which defendant is entitled to a lawyer, but also as to all unrelated charges (People v Rogers, 48 NY2d 167, supra). Indeed, the rationale of Rogers itself— that law enforcement officials should not be permitted to circumvent the right to counsel by the simple expedient of questioning on unrelated charges — requires this result.
To escape the simple logic of the conclusion dictated by Rogers, the majority engages in a lengthy discussion of the genesis of the so-called “indelible” right to counsel. It notes, quite correctly, that there are two basic and closely related lines of cases in this area. The first, the Donovan-Arthur rule, holds that once an attorney enters the proceeding, no waiver of rights may be extracted from a defendant without the attorney being present (e.g., People v Hobson, 39 NY2d 479). Under the second rule, which may be referred to as the Settles-Samuels doctrine, the nonwaivability principle *331 attaches upon actual commencement of the criminal proceeding (e.g., People v Samuels, 49 NY2d 218, supra; People v Settles, 46 NY2d 154). The majority would treat these two related rules as distinct, and apply Rogers to prohibit questioning on unrelated charges only where the defendant actually has an attorney.
Whatever superficial distinctions may exist between the two principles, they share the same historic roots and seek to foster the same goal. Thus, contrary to the majority’s unsupported assertion, this court has previously held that the commencement of the criminal proceeding is the equivalent of actual representation by counsel. Indeed, in People v Settles (supra, at pp 159, 166), where we held that the indelible right to counsel attaches upon indictment, the court expressly stated: “where an indictment has been returned, we equate the indictment with entry of a lawyer into the proceedings and invoke the requirement of counsel’s presence to effectuate a valid waiver” [emphasis added] and “an indictment constitutes the commencement of a formal judicial action against the defendant and is equated with the entry of an attorney into the proceedings.” In so ruling, the court in Settles relied heavily upon the Donovan-Arthur cases (46 NY2d, at pp 161-166, supra). Thus, rather than being a separate and distinct rule, the Settles-Samuels cases stem from and are intimately rooted to the Donovan-Arthur principle. And, the rule articulated in both lines of cases has but a single purpose: to protect against an uncounseled and unknowing waiver of the right to counsel in instances where that right has attached (see, e.g., People v Settles, 46 NY2d 154, 163-165, supra; People v Hobson, 39 NY2d 479, 484-485, supra).
Moreover, it is not logical to say that recognizing a defendant’s nonwaivable right to counsel where an unrelated criminal complaint is filed “would tax law enforcement officials anywhere with knowledge of accusatory instruments on unrelated charges everywhere” (majority opn, at p 328). Quite simply, the rule would not be triggered absent knowledge of the unrelated charges. Here, the detective who accompanied defendant to the polygraph test admitted his knowledge of the outstanding charge. More fundamentally, *332 however, this court has until today steadfastly refused to dilute the fundamental right to an attorney merely to provide law enforcement officials with a convenient procedure for obtaining a confession (e.g., People v Rogers, 48 NY2d 167, 173, supra; People v Settles, 46 NY2d 154, 164, supra; People v Donovan, 13 NY2d 148, 152). Yet, the majority now overrides the defendant’s right to counsel so as not to “unrealistically limit police interrogation procedures” (at p 328).
Today’s decision is reminiscent of People v Robles (27 NY2d 155, overruled People v Hobson, 39 NY2d 479, supra), in which this court, in affirming a criminal conviction, suddenly and unexplainedly departed from the consciously evolved Donovan-Arthur principle. The result was a period of uncertainty as to the scope of the right to counsel under the New York Constitution (see, e.g., People v Pellicano, 40 AD2d 169; 51 St John’s L Rev 216, 217-218). The decision in this case likewise might be viewed as a backtracking from the court’s unswerving insistence that the fundamental right to counsel be respected. Especially is this so here, where the interaction of the two established rules articulated in Samuels and Rogers — and the very purpose of those rules — dictates that defendant was entitled to a non waivable right to counsel. Rather than join in a rationale which can only cause renewed confusion as to the scope of the right to counsel, I would hold that a defendant who possesses an unwaivable right to counsel cannot waive his rights where the police, with knowledge of the facts which give rise to the right to counsel, question him on unrelated charges. In this case, since the detective admitted that he knew of the outstanding shoplifting charge, defendant should not have been questioned in the absence of an attorney on the unrelated murder charge.
Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur with Judge Meyer; Chief Judge Cooke dissents and votes to reverse in a separate opinion.
Order affirmed.