■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISUF SALJA, Also Known as ISMET SALJA, Appellant. — Judgment, Supreme Court, New York County, rendered November 23, 1976, convicting defendant upon a plea of guilty of robbery in the first degree and sentencing him to a term of 8⅓ to 25 years, unanimously reversed, on the law, the plea of guilty vacated, defendant's motion to suppress granted, and the action is remanded for further proceedings. Defendant was charged with two counts of murder in the second degree, and one count of robbery in the first degree, based upon evidence that he and two others broke into the home of Steven Natalo whom they bound and gagged. The defendant and his accomplices took a television set and other items from the apartment. Natalo died of asphyxiation from the gag. Defendant, while in custody in the Union County jail in New Jersey, was interrogated by an Assistant District Attorney of New York County concerning the incident. The defendant was informed that a New York County arrest warrant had been lodged against him on a charge of homicide. At a *Huntley* hearing, defendant's statement, made while in the Union County jail, was ruled admissible at trial. The defendant was tried and convicted by a jury of murder in the second degree. That verdict was set aside on motion on the ground that the jury had had the use of Grand Jury minutes during their deliberations which had not been received in evidence during the trial. Shortly thereafter, the defendant entered a plea of guilty of robbery in the first degree in satisfaction of the entire indictment. This appeal is from the judgment premised upon that plea. Defendant, a Yugoslav, speaks his native tongue (Albanian) and little English. At the time of the statement he was an alien who had been in this country for approximately one year. The services of an interpreter were required at the *Huntley* hearing and throughout the trial and posttrial proceedings, up to the setting aside of the jury's verdict. There was no interpreter present when the Assistant District Attorney interrogated the defendant at the Union County jail.

The transcript of the statements made by the defendant at the Union County jail indicates his difficulty in understanding his *Miranda* rights. However, he did state: "I'd like to have a lawyer because I'm not guilty or anything. * * * I'd like to have a lawyer. I don't know what to say anything about killing or anything." Defendant's final comment in this respect was: "O.K. I understand. I have right to get a lawyer in this case." In the context of the prior questions and answers, it must be concluded that this was a request for an attorney and the interrogation should have ceased. Defendant was in custody and an arrest warrant had issued *(People v Samuels,* 49 NY2d 218). However, the Assistant District Attorney continued the questioning until the defendant made a statement denying that he was ever in the victim's apartment. On this appeal the People concede that such continuing questioning was error *(People v Grant,* 45 NY2d 366; *People v Buxton,* 44 NY2d 33). The admission of the statement made by the defendant while in the Union County jail, that he was never in the victim's apartment, in combination with the evidence produced at trial, tended to show consciousness of guilt on the part of the defendant. The People's brief concedes the "statement was not an insignificant part of the People's case". Although defendant entered his plea of guilty after the jury had found him guilty of murder and the verdict had been set aside, it cannot be concluded that denial of the suppression motion did not affect defendant's decision to plead guilty to robbery in the first degree. He may have been motivated by the admission of the statement that should have been suppressed, or the fact that the jury had found him guilty of murder, or a combination of both. It cannot be concluded, therefore, that the plea was voluntarily entered. With proper candor the District Attorney concedes that the judgment of conviction should be reversed, the plea vacated, the statement suppressed and the action remanded for trial, and we so direct. Concur — Sandler, J.P., Sullivan, Ross, Markewich and Fein, JJ.