Gabrielli, J.
(concurring). I concur in the results reached by the majority in these appeals, but would base my conclusion on somewhat narrower grounds.
The question presented by these appeals is whether the rule enunciated in People v Samuels (49 NY2d 218) should be applied retroactively to cases on appeal at the time the *223 decision was announced. In Samuels, we held that the “indelible” right to counsel attaches upon the filing of a felony complaint. Once a felony complaint is filed, the criminal action is formally commenced and the accused cannot thereafter validly waive his constitutional rights in the absence of counsel.
Our holding in Samuels was based upon People v Hobson (39 NY2d 479), which was routinely applied to cases that were in the appellate process at the time that decision was handed down (see, e.g., People v Macedonio, 42 NY2d 944). Indeed, each time there has been a new development in the line of cases based upon Hobson, the new rule has been applied in a similar retroactive manner (see, e.g., People v Albro, 52 NY2d 619; and People v Bell, 50 NY2d 869 [applying People v Rogers (48 NY2d 167) retroactively] ; People v Lucas, 53 NY2d 678; People v Prince, 50 NY2d 883 [applying People v Cunningham (49 NY2d 203) retroactively]). There is simply no logical justification for treating the Samuels rule differently.*
In fact, the arguments in favor of according Samuels retroactive effect are particularly compelling, since the holding in that case was foreshadowed and even perhaps mandated by prior case law. In People v Settles (46 NY2d 154) we held that once an indictment is filed the “indelible” right to counsel attaches and the accused can no longer effect a valid waiver of his rights unless his attorney is present (see People v Hobson, supra [overruling People v Lopez (28 NY2d 23, cert den 404 US 840)]; 51 St John’s L Rev 216, 220-222; see, also, People v Blake, 35 NY2d 331). Although Settles involved an indicted defendant, the holding in that case was predicated upon the broader notion that a suspect is entitled to the full panoply of protections inherent in the State constitutional right to counsel when “the character of the police function shifts from investigative to accustory” (46 NY2d, at p 163). Settles thus made it perfectly clear that the formal commencement of a crimi *224 nal action is sufficient to trigger the Hobson right to counsel. From Settles it required but a simple mechanical application of logic to conclude that the right to counsel would also attach upon the filing of a felony complaint, which, like the filing of an indictment, represents the formal commencement of a criminal action (CPL 1.20, subds 1, 8,17). Hence, far from representing an unexpected departure from precedent, Samuels was actually no more than a predictable elaboration of a well-settled and widely understood principle of law.
In light of the history of the Samuels rule, it is evident that the decisions of the Appellate Division in the Pepper and Utter cases should be affirmed. In each case, the Appellate Division, relying upon Samuels, reversed the conviction and ordered the inculpatory statement in question suppressed. Since the rights of both defendants were indisputably violated under our holding in Samuels and since Samuels is clearly applicable to cases such as these, which were in the appellate process at the time that decision was announced, there is no legal basis for upsetting the rulings made below.
A different analysis must be applied, however, in the case of defendant Torres, whose application for leave to appeal to this court was denied some 17 months before Samuels was handed down. Unlike defendants Pepper and Utter, the defendant in the Torres case had already exhausted his appellate remedies by the time Samuels was decided (see People v Muller, 11 NY2d 154, cert den 371 US 850), and, as our prior decisions indicate, he is therefore not entitled to have his conviction reopened on the basis of the Samuels rule (see People v Wooden, 46 NY2d 938; People v Robles, 42 NY2d 1051).
Judges Jones, Wachtler and Meyer concur with Judge Fuchsberg; Judge Gabrielli concurs in a separate opinion in which Chief Judge Cooke and Judge Jasen concur.
In each case: Order affirmed.

 Indeed, we have already applied the holding in Samuels to cases which arose before that decision was announced (People v Lucas, 53 NY2d 678; People v Cullen, 50 NY2d 168, 174). In my view, these cases alone are sufficient to dispose of the issues presented in the Pepper and Utter appeals.