## (July 23, 1981)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN RAINEY, Appellant. — Judgment, Supreme Court, New York County (Melia, J.), rendered on January 10, 1979, convicting defendant, after trial by jury, of the crime of murder in the second degree and sentencing him to an indeterminate term of from 15 years to life imprisonment, unanimously reversed, on the law and the facts, and the matter remanded for a new trial. During the evening of August 10, 1977, defendant shot and killed Damon Wellington. After this incident, defendant fled to Florida where he remained with a relative until apprehended in the summer of 1978. Ronald Johnson, a mutual friend of both decedent and defendant, witnessed the above-mentioned homicide. Four months after commission of this crime, Johnson was arrested on an unrelated drug charge. In exchange for a promise of leniency on the latter charge, this witness agreed to help the authorities solve the Wellington murder. Johnson was the People's primary witness against the defendant. Thereafter, on July 7, 1978, Detective Henderson, the investigating officer, arrested defendant in Florida pursuant to an arrest warrant which was issued after the filing of a felony complaint. At the Miami airport this detective gave defendant his *Miranda* warnings. The defendant agreed to speak without the presence of an attorney and stated, in answer to Henderson's questions, that he did not know anyone by the name of Wellington. Defendant also denied that he was in New York at the time of the shooting. At trial, defendant altered his testimony. He maintained that he was frightened by decedent and claimed justification. Defendant also asserted that decedent was the owner of the gun and, during a struggle, the gun discharged, killing Wellington. The testimony of the eyewitness, Johnson, differed, markedly, from that of defendant. This witness testified that the shooting was calculated and deliberate. Detective Henderson then testified as to defendant's exculpatory statements uttered while the two were at the airport. Defendant now asserts that these statements were improperly admitted at trial. Commendably, the People concede that it was error to permit Detective Henderson to testify with reference to his conversation with defendant in the Miami airport. Obviously, these statements were made after defendant's right to counsel had attached since, by the filing of the accusatory instrument, the criminal proceedings had already commenced. This right cannot be waived in the absence of counsel *(People v Samuels,* 49 NY2d 218). However, the People argue that this error was harmless. We cannot agree with this assessment. In order to acquit the defendant, the jury either had to believe his testimony with reference to the theory of justification or reject it and then accept the testimony of Johnson, the eyewitness. In summation, the prosecutor attacked the theory of the defense by indicating that these denials were "[c]learly an outright lie". The jury, obviously, chose to credit the theory advanced by the People. If the statements of defendant to Detective Henderson were not admitted into evidence, and it is conceded by the People that they should not have been, then the issue of credibility would have been restricted

to testimony of defendant and the testimony of Johnson, making the matter of defendant's credibility a question of paramount significance. Any improper testimony, such as Detective Henderson's, which tended to attack the defendant's credibility, could very easily have tipped the balance against him. The test for harmless constitutional error requires that there be no reasonable possibility that the error might have contributed to defendant's conviction and that it was harmless beyond a reasonable doubt *(People v Crimmins,* 36 NY2d 230; *Chapman v California,* 386 US 18). In this case, any testimony with reference to the defendant's credibility, which should have been suppressed, but which was admitted in error, cannot be deemed harmless error. Concur — Murphy, P. J., Birns, Ross and Silverman, JJ.