## (July 30, 1981)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENESE ANN NORTHRUP, Appellant. — Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered May 28, 1979 upon a verdict convicting defendant of the crime of murder in the second degree. Defendant was convicted of murdering Chad Springett, her two- and one-half-year-old son, and was sentenced to a term of 25 years' to life imprisonment. The one-count indictment charged her with evincing a depraved indifference to her son's life for having recklessly engaged in conduct which created a grave risk of death and which caused his death by unjustifiably and inexcusably failing to obtain or provide medical care or assistance for Chad, who had been physically beaten by her boyfriend, Wayne Utter. Because the child soiled his underpants, Utter,[*] who had been residing with defendant, administered a severe and prolonged beating to the boy in the course of which defendant observed Utter strike him about the head and limbs with a stick, force him to eat his own excrement and punch and slap him in the chest and face with sufficient force to cause the boy's head to strike a medicine cabinet, breaking the glass. Defendant's apparent efforts to intervene were ineffectual. The beating occurred about 5:30 P.M. Shortly thereafter, when Utter departed, defendant undressed Chad. She noticed redness and bruises about the child's head and body where he had been struck, saw blood in the child's urine and observed him frequently retching. Defendant bathed and comforted him, eventually putting him to bed at about 10:00 P.M. When she looked in on him at midnight, he appeared to be sleeping. At 5:00 A.M. she heard him walking about, gave him something to quench his thirst and returned the child to his bed. At 8:30

* Although Utter was subsequently convicted of murder in the second degree, his conviction was overturned because a motion to suppress a confession he had made in the absence of counsel was improperly denied (People v Utter, 76 AD2d 1013, affd 53 NY2d 213).

A.M., when she attempted to wake him, she found him rigid and dead. Her efforts to revive him were unsuccessful. A jabbing blow to the child's abdomen had ruptured the small bowel, resulting in toxemia and death. At issue is whether defendant, whose culpable conduct consisted of her failure to obtain medical attention for her son, was properly convicted of murder in the second degree. Subdivision 2 of section 125.25 of the Penal Law provides that a person may be convicted of second degree murder when: "Under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person." Depraved indifference to human life is characterized by unmitigated wickedness, extreme inhumanity, or actions exhibiting a high degree of wantonness (see *People v Kibbe,* 35 NY2d 407; *People v Poplis,* 30 NY2d 85; *People v Jernatowski,* 238 NY 188). The evidence here simply does not justify concluding that defendant participated in a depraved homicide. In fact, she was not even charged with having taken part in the beating. Her culpability stems not from a callous attack on the helpless infant, but from what she failed to do following that attack. An essential element of murder in the second degree is a showing that the defendant acted "recklessly". To uphold the conviction on the basis of defendant's conduct subsequent to the attack, it must be established beyond a reasonable doubt that she was aware of the risk to her son's life if she did not promptly obtain medical aid, yet, knowing full well the probable consequences of her failure to do so, she acted in conscious disregard of that risk, thereby causing the boy's death (Penal Law, § 15.05, subd 3). Evidence is lacking that this 23-year-old woman, without medical training or knowledge, was cognizant of that risk and consciously disregarded it. Although the external injuries were serious, Chad ceased crying and walked about without complaining shortly after Utter left. Particularly noteworthy is the fact that the injury causing his death was an internal one, not detectable from observing the boy's body. In our view, this record does not support a finding that defendant acted recklessly. Since reckless conduct is also a requisite for manslaughter in the second degree, one of the lesser included offenses which was charged, defendant's conviction of that crime must likewise be ruled out. The record does, however, support a finding of guilt of the lesser included charge of criminally negligent homicide, for defendant's failure to perceive that there was a substantial and unjustifiable risk Chad would die was a gross deviation from the standard of care a reasonable parent would have exercised in this situation (Penal Law, §§ 125.10, 15.05, subd 4; *People v Henson,* 33 NY2d 63). As the jury's verdict necessarily included such a finding, modification of the judgment to reflect a conviction on this lesser included offense is appropriate *(People v Dlugash,* 41 NY2d 725; CPL 470.15, subd 2, par [a]). While the various errors ascribed by defendant are either harmless or of insufficient merit to warrant reversal, two bear comment. Prior to her detention in this case, defendant had been assigned counsel on a misdemeanor charge. Allegedly, she had been driving a motor vehicle without insurance in contravention of subdivision 1 of section 319 of the Vehicle and Traffic Law. She contends that *People v Kazmarick* (52 NY2d 322) requires suppression of incriminating statements she made to the police authorities, after waiving her *Miranda* rights, since they were made in the absence of counsel representing her in that motor vehicle matter. We believe *otherwise,* for here there has been no showing that the police who questioned her had actual knowledge counsel had been assigned on the outstanding charge. Moreover, that charge was not such a serious transgression of our criminal law that the interrogating officers were obliged to inquire whether

she was indeed represented by an attorney in that case (cf. *People v Bartolomeo,* 53 NY2d 225). Seizure by the police of the bloodied stick used to beat Chad, along with certain other items found in defendant's house trailer, was not made pursuant to a valid search warrant, nor was it justified under any exception to the general rule that warrantless searches are unreasonable. Admission of that evidence, though illegally seized, was harmless, for there was overwhelming proof of defendant's guilt of the crime of criminally negligent homicide. Judgment modified, on the law and the facts, by reducing the conviction of murder in the second degree to a conviction of criminally negligent homicide, and, as so modified, affirmed; matter remitted to the County Court of Otsego County for resentencing. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.