THIRD DEPARTMENT, AUGUST, 1981

(August 6, 1981)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARY ANGUS, Appellant. — Appeal from a judgment of the County Court of Albany County

(Harris, J.), rendered August 21, 1979, upon a verdict convicting defendant of three counts of the crime of sodomy in the second degree and two counts of the crime of sexual abuse in the second degree. Charged by indictment with three counts of sodomy in the second degree and two counts of sexual abuse in the second degree, defendant was found guilty on all counts for intentionally aiding Theodore Pepper to engage in sexual conduct involving defendant's 12-year-old daughter. Central to this appeal are inculpatory statements made by defendant to the police. These statements, which were admitted into evidence at trial following defendant's unsuccessful motion to suppress them, resulted from custodial interrogation concerning the crimes charged. This interrogation was conducted in the absence of counsel or a waiver in the presence of counsel, and after the filing of a felony complaint and issuance of an arrest warrant thereon. It is now indisputable that such statements are inadmissible and cannot be used against defendant. The rationale of *People v Samuels* (49 NY2d 218) is that once the accusatory process has been commenced, any discussions with a defendant relating thereto may not be conducted in the absence of counsel, nor may an effective waiver of the constitutional rights mandated by *Miranda v Arizona* (384 US 436) be made in the absence of counsel *(People v Cunningham,* 49 NY2d 203; *People v Settles,* 46 NY2d 154). This rule, now given retroactive effect to cases on direct appeal *(People v Pepper,* 53 NY2d 213), is today inflexible and requires that defendant's conviction be reversed and a new trial ordered. It is unnecessary to consider defendant's remaining contentions. Judgment reversed, on the law, and a new trial ordered. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.