■ The People of the State of New York, Respondent, v Eric Barnes, Also

501

Known as ERIC TRACY, Appellant. — Judgment, Supreme Court, New York County (Myers, J.), rendered July 27, 1978, convicting defendant of manslaughter in the first degree, on his plea of guilty, and sentencing him to an indeterminate sentence of zero to seven years, unanimously reversed, the plea of guilty is vacated, the motion to suppress granted, and the matter is remanded for further proceedings. Defendant was convicted of manslaughter in the first degree on his plea of guilty entered after denial of a motion to suppress incriminating statements. As noted in the prior opinion of this court, holding the appeal in abeyance pending a further hearing, the record clearly establishes that the incriminating statements were made in the absence of counsel after defendant had been arrested on an arrest warrant. In *People v Samuels* (49 NY2d 218), the Court of Appeals squarely determined that any statements so secured after the commencement of the criminal proceeding violated the right to counsel and must be excluded. This issue was not raised by the defendant in his motion to suppress, nor during the hearing, and it was not addressed by the hearing court, presumably because these events preceded the *Samuels* decision. Accordingly, in response to the District Attorney's contention that he had been denied an opportunity to establish that the statements were spontaneous and so admissible (see, e.g., *People v Lynes,* 49 NY2d 286, 295), the court held the appeal in abeyance pending a further hearing to permit the District Attorney an opportunity to establish the spontaneous character of the statements. On remand the District Attorney chose to rest upon the original record and requested the hearing Judge to make a determination based on that record. The hearing Judge held that the statements were spontaneous and therefore admissible. We disagree and accordingly grant the motion to suppress, vacate the plea of guilty and judgment of conviction, and remand to the trial court for further appropriate proceedings. Two statements are in issue. The first was allegedly made by the defendant in a police car shortly after he was taken into custody. The second statement occurred thereafter in the station house and took the form of a statement written by a police officer, and signed by the defendant, on the basis of what defendant said in the station house. The signed station house statement was obviously the result of a process of interrogation, and not spontaneous, a finding which by itself requires that the guilty plea be vacated. A closer question is presented with regard to the statement allegedly made in the police car. The record is clear that the defendant made these incriminating remarks after the officer read to him the *Miranda* warnings, concluding with the familiar question: "Having these rights in mind, do you wish to talk to us now?" The very nature of the *Miranda* warnings is not easy to reconcile with a finding that a subsequent incriminating statement is spontaneous. However, the District Attorney argues that the defendant, having been told in response to his question that the matter concerned the deceased, started to incriminate himself when he was appropriately interrupted by the reading of the *Miranda* warnings and that the statement then made should therefore be considered as a continuation of a spontaneous unsolicited statement. Undoubtedly it is a troublesome idea that an otherwise admissible statement should be excluded because arresting police officers had properly interrupted a spontaneous confession to administer *Miranda* warnings. However, that issue is not presented by this record. The officer testified that the defendant, upon learning the nature of the police concern, "immediately started talking." He did not however report what the defendant had said nor does his testimony establish that what the defendant said, before the *Miranda* warnings, was incriminating. Moreover, the record does not establish that the defendant's recital was not responsive, in part at least, to police questions. It is true that one of the arresting officers described the statement in narrative form, but he did not say, nor was he asked, that no questions were asked during the course of the defendant's narrative. Indeed, the second officer explicitly testified that some questions were put to the defendant during the course of this statement. Accordingly, the evidence wholly fails to meet the People's burden of establish-

ing beyond a reasonable doubt that the defendant's statements in the police car following his arrest on an arrest warrant, and after the *Miranda* warnings, were spontaneous and therefore admissible. Concur — Fein, J. P., Sandler, Ross, Markewich and Lupiano, JJ.