■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered June 7, 1983, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Owens, J.), of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to the police.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress his statements to the police is granted, and a new trial is ordered.

Prior to the trial, the defendant sought to suppress certain statements made by him to the police on July 12, 1982, but did not base his motion on the ground now asserted for the first time on appeal, namely, that those statements were obtained in violation of his constitutional right to counsel because they were made subsequent to the filing of a felony complaint and the defendant's purported waiver of counsel did not take place in the presence of an attorney *(see, People v Samuels,* 49 NY2d 218). We agree with the defendant that this issue may be raised on appeal notwithstanding his failure to preserve the issue by specifically raising it in a suppression motion or at the trial *(see, People v Kinchen,* 60 NY2d 772; *People v Cullen,* 50 NY2d 168). We also agree that the factual record clearly shows that the statements were obtained in violation of the defendant's right to counsel and therefore should be suppressed *(see, People v Samuels, supra).* Given the character of the evidence adduced at trial, which was considerably less than overwhelming, and the substantial issue of credibility involved in the case due to the conflicting versions of the incident given by the defendant and the complaining witness, each of whom admitted lying to the investigating police officers on at least one occasion, we are unable to conclude that "there is no reasonable possibility that the error might have contributed to defendant's conviction and that it was thus harmless beyond a reasonable doubt" *(People v Crimmins,* 36 NY2d 230, 237). A new trial is therefore required.

We have reviewed the defendant's remaining contentions and have determined that they are without merit. Brown, J. P., Weinstein, Rubin and Kooper, JJ., concur.