William Walter PERRY *v.* STATE of Arkansas

CR 83-37 655 S.W.2d 380

Supreme Court of Arkansas
Opinion delivered July 5, 1983

*William R. Simpson, Jr.,* Public Defender, *Richard E. Holiman,* Deputy Public Defender, by: *Deborah R. Sallings,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. The appellant, William Walter Perry, was convicted of the first degree murder of his wife and sentenced to life in prison. The sole question

presented by his appeal is whether inculpatory statements Perry made to his minister were confidential and, therefore, privileged. We hold that Perry waived his right to any privilege and affirm the trial court.

Lynn Perry, the appellant's wife, was shot through the head on June 9, 1982. At approximately 7 p.m., June 10th, Perry called Betty Tyner, his mother-in-law, in Pocahontas, Arkansas, and told her that he had killed Lynn. Then, evidently, he called the Pulaski County Sheriff's Department about 7:15 that same evening, said that he had killed his wife and arranged to meet some of the sheriff's employees and lead them to the body. Perry then called Marlin Howe, the minister of a church Perry had been attending for a short while. Howe was not home and Perry told Mrs. Howe that he had to speak to the minister, that he had killed his wife. Mrs. Howe got in touch with her husband and Mr. Howe called Perry at a number he had left with Mrs. Howe, and Perry confessed to the murder. Perry met with Howe and an elder from the church at a shopping center and spoke with them for thirty minutes where, again, he said he had killed his wife. They followed Perry to his rendezvous with the sheriff's department and Perry led the group to his wife's body, where he again told all present, about six or seven people, he shot his wife.

Prior to his trial Perry moved to suppress his statements to Howe, Mrs. Howe and the church elder. The trial judge, after an omnibus hearing on the matter, held that Perry had waived his right to have his confidences to Howe remain privileged by disclosing them to others. We agree with the trial court that Perry told about everyone he could about killing his wife and, therefore, waived any privilege he might claim.

Ark. Stat. Ann. § 28-1001, Rule 505 (Repl. 1979), does provide for the exclusion from evidence of statements made in confidence to clergymen under certain circumstances. Ark. Stat. Ann. § 28-1001, Rule 510 provides, however, that the privilege is waived if the holder of the privilege voluntarily discloses a significant part of the privileged

matter, except where that disclosure itself is privileged. *See, e.g., Sumlin* v. *State,* 273 Ark. 185, 617 S.W.2d 372 (1981).

We reviewed the record for other errors, as we are required to do, and found none.

Affirmed.