■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIAS CARMONA, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered September 6, 1988, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, we find that the court correctly determined that the admissions made by the defendant to two priests were properly admissible following a waiver by the defendant of the priest-penitent privilege *(see,* CPLR 4505). Following the murder in Yonkers, the defendant fled to Florida where he confessed to two priests that he had killed two women in his apartment in Yonkers. Acting on the spiritual guidance of the two priests, the defendant turned himself in to police in Dade County. He subsequently gave a similar confession to Metro-Dade Police Detective Torres. The defendant's confession to Detective Torres was concededly inadmissible because an arrest warrant had been issued in New York and thus, the defendant's waiver of his rights in the absence of counsel was ineffective *(see, People v Samuels,* 49 NY2d 218). However, by voluntarily repeating the substance of his admissions to the priest, an act clearly inconsistent with any desire to maintain a priest-penitent privilege, the defendant effectively waived that privilege *(see, People v O'Connor,* 85 AD2d 92; *People v Fentress,* 103 Misc 2d 179; *see also, Church of Jesus Christ of Latter-Day Saints v Superior Ct.,* 159 Ariz 24, 764 P2d 759; *Perry v Arkansas,* 280 Ark 36, 655 SW2d 380; *Kansas v Andrews,* 187 Kan 458, 357 P2d 739, *cert denied* 368 US 868; *see generally,* Richardson, Evidence § 418 [Prince 10th ed]; *cf., People v Brown,* 82 Misc 2d 115). Moreover, this waiver was effective even though Detective Torres would subsequently be precluded, on the strength of *People v Samuels (supra),* from testifying as to the substance

of the confession. Accordingly, as recounted by the two priests, the defendant's confession was properly received in evidence.

We also disagree with the defendant's contention that the warrantless entry into his apartment and the seizure of certain items was unconstitutional. There was testimony at the suppression hearing that the first police officers to arrive on the scene were met by the assistant superintendent of the building and the victim's nephew who both told the officers that there had been fighting and screaming in the apartment, that everything then became quiet, and that they saw the defendant leaving the apartment with blood on his hands. This evidence clearly established the existence of exigent circumstances justifying the warrantless entry into the apartment *(see, People v Mitchell,* 39 NY2d 173, 177-178, *cert denied* 426 US 953).

We have examined the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Ritter and Pizzuto, JJ., concur.